## SAVINGS BANK *v.* ARCHBOLD.

1. The last clause of sect. 3408 of the Revised Statutes exempts savings banks of the character there mentioned from taxation on so much of their deposits as they have invested in securities of the United States, and on all sums not exceeding $2,000 which they have on deposit in the name of any one person.

2. The act of March 1, 1879, c. 125 (20 Stat. 327), does not change the effect of that clause.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Lewis Sanders* and *Mr. William M. Evarts* for the plaintiff in error.

*The Solicitor-General, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

The plaintiff is a savings bank, incorporated by the legislature of New York, and the defendant was in 1876 a collector of internal revenue in the district in which the plaintiff did business. The present action is brought to recover the amount of certain taxes and penalties collected by him from the bank in that year. Its determination involves the construction of the concluding clause of sect. 3408 of the Revised Statutes, exempting deposits of money in savings banks, under $2,000, from the tax imposed by the previous clause of the same section on deposits generally. The section declares that a tax of one twenty-fourth of one per cent shall be levied each month on the average amount of deposits of money, subject to payment by check or draft, with any person, association, company, or incorporation engaged in the banking business. The concluding clause provides that deposits in savings banks " having no capital stock, and doing no other business than receiving deposits to be loaned or invested for the sole benefit of the parties making such deposits, without profit or compensation to the association or company, shall be exempt from tax on so much of their deposits as they have invested in securities of the United States, and on all deposits not exceeding $2,000 made in the name of any one person."

The plaintiff is a savings bank of the character here mentioned, but the language used in expressing the exemption is not as happy as could be desired. "Deposits in . . . savings banks . . . shall be exempt from the tax on so much thereof as they have invested in securities of the United States, . . . and on all deposits not exceeding $2,000," is the form in which the law is given. "Deposits on deposits" not exceeding a certain amount is not a felicitous mode of expressing the legislative purpose. The bank, believing that the exemption extended to $2,000 of all deposits, reported the balance as the amount of its deposits subject to the tax, and paid the sum of $253, assessable thereon. The collector of internal revenue took a different view of the law, and held that the exemption applied only to such deposits as amounted to $2,000 or under that sum. He, accordingly, levied upon all other deposits a tax, which amounted to $5,236; and although the savings bank acted on the advice of counsel, and, as the court specifically finds, in good faith, without any fraudulent intent, and readily informed the collector, at his request, of the amount of all its deposits, that officer added to this $5,236, a penalty of one hundred per cent, as though the return made by the bank had been a false and fraudulent one; and, also, a further penalty of five per cent, for a failure to pay the tax assessed within the prescribed period, and interest upon the whole, making the gross sum of $10,838.52. This amount being collected by distraint, the present action is brought to recover it.

The concluding clause of the section in question, in our judgment, intended to exempt from the tax all deposits to the extent in which they were invested in United States securities, and also to the extent of $2,000. We think that the term "deposits," as it is last used, is to be taken as equivalent to the terms "sums deposited" or "sums," and the clause be read as if the language were: "The deposits in . . . savings banks . . . shall be exempt from tax on so much thereof as they have invested in securities of the United States, and on all sums not exceeding $2,000 deposited in the name of any one person."

This construction gives a clear meaning to the clause and avoids the inconsistency of holding that the addition of a

single mill to $2,000 would subject the whole deposit to the tax, even though such addition might be the accumulation of interest. It upholds, also, the policy of encouraging and protecting savings by exempting those of each depositor to a certain amount; and is in harmony with the amendment made by the act of March 1, 1879, c. 125, to obviate the possibility of the construction which the defendant adopted. That amendment declares that savings banks shall be exempt from tax on so much of their deposits "as they have invested in securities of the United States, and on two thousand dollars of savings deposits, and nothing in excess thereof, made in the name of and belonging to any one person." 20 Stat. 327, 352.

But the section, as it originally stood, meant, in our judgment, the same thing. The interpretation we give to it secures, equally with the amendment, uniformity in the tax, and lays its burdens alike upon all. An interpretation which accomplishes this end in the operation of tax laws should be preferred to one leading to a different result.

It follows that the defendant erred in his construction of the law; that the assessment of the tax on all deposits which exceeded $2,000, without any deduction of that amount, and the imposition of a penalty for not making a return in accordance with his views, were illegal, and that the moneys thus exacted from the savings bank should be returned. We express no opinion as to the legality of imposing a penalty where no fraud was intended. As a general thing, the imposition of a penalty implies delinquency by the party on whom it is imposed. Its consideration, however, is immaterial, in view of the construction we give to the law.

Upon the agreed statement of facts, the plaintiff was entitled to recover the amount exacted from him, with interest. The judgment of the court below must, therefore, be reversed, and the cause remanded with directions to enter judgment in his favor accordingly; and it is

*So ordered.*