**DAYTON BRONZE BEARING CO. v. GILLIGAN, Internal Revenue Collector.**

**GILLIGAN, Internal Revenue Collector, v. DAYTON BRONZE BEARING CO.**

(Circuit Court of Appeals, Sixth Circuit. June 6, 1922.)

Nos. 3643, 3644.

**1. Appeal and error ⬅➡850(1)—Limitation by record of review of cases tried to court.**

In an action tried to the court, where no special findings of fact were made, no question of the sufficiency of the evidence raised by motion for judgment on the evidence, and no exception taken by defendant to judgment for plaintiff, the only question for review is whether plaintiff, on

satisfactory proof of the material allegations of the petition, was en-
titled to judgment.

2. **Internal revenue** ⬦⟹45—**Corporation held not subject to penalty for failure to make timely return for munitions tax.**

Where a corporation, believing in good faith, on reasonable grounds, and after taking advice of reputable counsel, that it was not liable for munitions tax, made no return within the time prescribed by statute, but later, on advice of the collector, made a voluntary return without preju- dice, the imposition of the penalty for failure to make timely return, pre- scribed by Rev. St. § 3176, *held* not authorized.

3. **Penalties** ⬦⟹3—**Should be imposed only for substantial delinquency.**

Courts are reluctant to construe a statute so as to impose a penalty, unless there has been a substantial delinquency.

4. **Statutes** ⬦⟹219—**Construction by administrative department entitled to weight.**

The construction of a statute by the department charged with its en- forcement should be given due consideration, regardless of the length of time such construction has been adopted and enforced by that department.

In Error to the District Court of the United States for the Northern District of Ohio at Dayton; John E. Sater, Judge.

Action by the Dayton Bronze Bearing Company against A. C. Gilli- gan, Collector of Internal Revenue. From the judgment both parties bring error. Affirmed.

A. W. Schulman, of Dayton, Ohio (A. W. Schulman, of Dayton, Ohio, on the brief), for Dayton Bronze Bearing Co.

R. T. Dickerson, Asst. U. S. Atty., of Cincinnati, Ohio (James R. Clark, U. S. Atty., and R. T. Dickerson, Asst. U. S. Atty., both of Cin- cinnati, Ohio, Carl A. Mapes, Solicitor of Internal Revenue, and P. C. Alexander, Sp. Atty., Bureau of Internal Revenue, both of Wash- ington, D. C., on the brief), for Gilligan.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. No. 3643 is an error proceeding to re- view in part the final judgment of the district court in an action at law, brought by the Dayton Bronze Bearing Company against the collector of internal revenue to recover certain munition taxes and penalties al- leged to have been assessed erroneously and paid under protest. No. 3644 is a cross-petition by the collector of internal revenue to review and reverse in part the same judgment. It is agreed by counsel that the facts in this case are substantially the same as in Dayton Brass Cast- ings Co. v. A. C. Gilligan, United States Collector of Internal Revenue (No. 3533), 277 Fed. 227, in which case this court recently held that a similar tax was properly assessed. Therefore the judgment of the District Court in this case, denying the Dayton Bronze Bearing Com- pany a recovery for the tax so paid under protest, is affirmed.

The question presented by the cross-petition in error relates to that part of the judgment of the District Court in favor of plaintiff and against the defendant for $2,430.17 with interest at the rate of 6 per cent. per annum from September 22, 1917, which sum represents the penalty assessed and collected from the plaintiff by the defendant and paid by the defendant under protest. This question was not involved

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in Dayton Brass Castings Company v. A. C. Gilligan, Collector, supra, for the reason that the collector voluntarily returned the penalty assessed and collected in that case to the plaintiff before the commencement of that action.

Section 311 of the Munition Tax Act of September 8, 1916 (39 Stat. 782), provides that:

"All administrative, special, and general provisions of law, relating to the assessment and collection of taxes not specifically repealed, are hereby made to apply to this title so far as applicable and not inconsistent with its provisions."

Section 3176, R. S., as amended by section 16 of the Revenue Act of 1916 (39 Stat. 773), reads in part as follows:

"In case of any failure to make and file a return or list within the time prescribed by law or by the collector, the Commissioner of Internal Revenue shall add to the tax fifty per centum of its amount, except that, when a return is voluntarily and without notice from the collector filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax."

It is insisted upon the part of the Dayton Bronze Bearing Company that this penalty was not necessarily imposed under section 3176, R. S., but may have been imposed under section 14c of the Revenue Act of 1916. While it is possible that the collector could have imposed a penalty under this section of the Revenue Act, nevertheless it satisfactorily appears from the record in this case that the penalty was imposed under section 3176, R. S., and in the exact amount specified in that section.

[1] A written waiver of the jury was filed by the parties and the cause submitted to the trial court upon the pleadings and the evidence. The trial court made no separate finding of facts, and therefore there can be no review of the question whether the facts found by the court support its judgment. Nor was the question of the sufficiency of the evidence raised by motion for judgment on the undisputed evidence, nor was any exception taken by the defendant to the judgment for this reason. Therefore the sole question presented by this record is whether the plaintiff, upon satisfactory proof of the material allegations of its petition, was entitled to judgment. City of Cleveland v. Walsh Construction Co., 279 Fed. 57, decided by this court February 7, 1922, and cases there cited.

It appears from the allegations of plaintiff's petition and the evidence offered in support thereof, to which evidence no objections were made by defendant and no exceptions to its admissions taken, that the Dayton Bronze Bearing Company entered into a contract with the Recording & Computing Machines Company, by the terms of which it agreed to mold material furnished and owned by the Recording Company into certain rough and preliminary forms, in which forms it was to be returned to the Recording Company as castings. These castings were in turn used by the Recording Company in the manufacture of the time fuses to be attached to three-inch shrapnel shells manufactured by other persons or corporations for the use of the Russian government. It further appears that the Miami Brass Company had a similar contract with the Recording & Computing Machines Company, and sublet

a part of this contract to the Dayton Bronze Bearing Company. No material was furnished or to be furnished by the Dayton Bronze Bearing Company. Its contract required it to prepare molds, melt the materials furnished to it, and pour the same into these molds and deliver the rough castings to the other contracting party.

[2] The evidence tends to prove that the Dayton Bronze Bearing Company believed in good faith that it was not manufacturing munitions and not liable to the payment of any tax under the Munition Tax Act of September 8, 1916, and for this reason, and not because of any willful neglect on its part, it failed to make and file a return or list within the time prescribed by law. As further indicating that it was acting in good faith, and not with the intention of willfully neglecting and refusing to file such a return, or with the intent and purpose of defrauding the government out of this tax, it offered evidence tending to prove that it was advised by reputable counsel that under the facts stated it was not liable for the payment of this tax.

About the 2d day of July, 1917, an agent of the Internal Revenue Department called at the office of the Dayton Bronze Bearing Company and requested it to file with the collector a return covering the profits and earnings made by it under its separate contracts with the Miami Brass Company and the Recording & Computing Machines Company. It objected to doing this for the reason that it still insisted it was not liable for the payment of this tax. Thereupon the collector of internal revenue advised that a return be filed under protest, without prejudice to the company's rights, and acting upon this advice, it did, on the 13th day of July, 1917, file such report with the collector and thereupon the Commissioner, on the 23d day of August, 1917, assessed a tax against the company of $4,860.34, together with 50 per cent. penalty for failing to file the same the 1st day of March, 1917, as required by law. This penalty amounted to $2,430.17, and was paid under protest.

These facts, established by the evidence and the stipulations of parties, would seem to bring this case fairly within the meaning and intent of the provisions found in section 3176, R. S., exempting the taxpayer from the penalty imposed by that statute. While the Dayton Bronze Bearing Company disputed its liability to pay this tax, nevertheless acting upon the advice of the collector it did file a voluntary return within the meaning of section 3176. The evidence also tends to prove that its failure to file a return within the time limited therefor was not due to willful neglect on its part, but rather to the fact that it believed, in good faith, it was not required to pay this tax. It has been held by the Treasury Department that—

"Where the attendant and surrounding circumstances have a tendency to cast doubt and suspicion upon a taxpayer, a plea of mere ignorance is not sufficient to constitute a reasonable cause for failure to make and file a return within time prescribed by law for the purpose of being relieved of the penalty." O. 818. 3–19–204.

The attendant and surrounding circumstances of this case have no tendency whatever to cast a doubt or suspicion upon the good faith of the taxpayer. While the fact that it sought and obtained legal advice, in and of itself, might not be sufficient to excuse its failure to file this

return, nevertheless it tends to show that the taxpayer was acting in good faith and availed itself of the best means at its command to determine, honestly and fairly, the question of its liability. That counsel was mistaken in the advice given to the taxpayer is not at all surprising, especially in view of the fact that in Steel Co. v. Lewellyn, Collector, 251 U. S. 501, 40 Sup. Ct. 283, 64 L. Ed. 375, and in Worth Bros. Co. v. Lederer, Collector, 251 U. S. 507, 40 Sup. Ct. 282, 64 L. Ed. 377, members of the Supreme Court dissented from the judgments entered in these cases by the majority of the court holding that the petitioners, under substantially similar circumstances, were required to pay this tax. It would therefore appear that the officers of this company were honestly mistaken as to its liability to pay this tax and that under the order of the Treasury Department above referred to, in the absence of circumstances having a tendency to cast doubt and suspicion upon its good faith, its ignorance of its liability to pay this tax is sufficient to constitute a reasonable cause for failure to make and file a return within the time prescribed by law. Whether the Commissioner might have discretionary power to make a finding upon the subject of reasonable cause and willful neglect which would be conclusive as against the taxpayer is a question not presented by the record and not necessary to be decided in this case.

It is further provided by section 3176 that the filing of such voluntary return must be "without notice from the collector." Counsel has not called our attention to any statute providing for notice to the taxpayer to file a return, nor does there appear to be any statutory provision for a notice of this character except as found in section 3173, R. S., or in section 306 of the Munition Act of 1916. Section 3173, R. S., provides that where no annual list or return has been rendered by the taxpayer as required by law, and the taxpayer shall be absent from his or her residence or place of business at the time the collector or the deputy collector shall call for the annual list or return, that then it shall be the duty of the collector or deputy collector to notify the taxpayer by a note or memorandum, either left at his residence or place of business or addressed to such person and deposited in the nearest post office, requiring him or her to render to such collector or deputy collector the list or return required by law within 10 days from the date of such note or memorandum. The section further provides that if the person notified refuse to render such list or return within the 10 days, or if he render a false return, the collector may summon such person and require him to produce his books and to give testimony or answer interrogatories under oath respecting any object or income liable to tax or the returns thereof. Section 306 of the Munition Act provides that—

"If the Secretary of the Treasury or the Commissioner of Internal Revenue shall have reason to be dissatisfied with the return as made, or if no return is made, the Commissioner is authorized to make an investigation and to determine the amount of net profits and may assess the proper tax accordingly. He shall notify the person making, or who should have made, such return and shall proceed to collect," etc.

No such notice as provided in either of these sections was given the Dayton Bronze Bearing Company by the collector or deputy collector.

While the petition avers that the plaintiff was notified by an agent of the Internal Revenue Department to file a return with the collector, nevertheless the evidence and stipulation in reference thereto are to the effect that the agent of the Internal Revenue Department, in discharge of the duties imposed upon him by section 3173, R. S., called at the place of business of the taxpayer for the annual list or return, at which time the question of the company's liability was freely and frankly discussed by the officers of the company and the agent of the Internal Revenue Department with a view to the determination of the best, quickest and fairest means of settling the question of the company's liability. Shortly following this, the taxpayer, pursuant to the advice of the collector, filed a voluntary return.

[3] Courts are reluctant to construe a statute so as to impose a penalty, unless there has been a substantial delinquency. Saving Bank v. Archbold, 104 U. S. 708, 26 L. Ed. 901. As a practical matter where there has been no substantial delinquency, but only a technical violation of the statute, and where the negligence of the taxpayer was not intentional, such cases have been compromised by the payment of nominal penalties such as $5 by individuals and $10 by corporations. Letter to Collectors, No. 2077, dated March 13, 1919. In making such compromise the Commissioner is authorized, not only to consider the pecuniary interest of the treasury, but also a general consideration of justice, equity and public policy. 20 Op. Attys. Gen. 217.

[4] The construction given this statute by the collector when he returned this penalty to the Dayton Brass Castings Company was based upon the same state of facts established by the evidence in this case. While the presumption that the department charged with the execution of a law has properly interpreted it may be strengthened in proportion to the time such construction has obtained, nevertheless a construction of a statute by the department charged with the enforcement thereof should be given due consideration, regardless of the length of time such construction has been adopted and enforced by that department.

For the reasons above stated, the judgment of the District Court in favor of plaintiff and against the defendant for the penalty assessed and collected is affirmed, with continuing interest as specified therein. Holmes, Federal Taxes (1922 Ed.) 940. No costs are allowed to either party in this court.