*Decision will be entered under Rule 50.*

ADELAIDE PARK LAND, CHARLES D. FRANCIS AND FREDERICK W. ARMITAGE, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39980. Promulgated January 15, 1932.

*Joseph E. Peeler, Esq.*, for the petitioners.
*Hartford Allen, Esq.*, for the respondent.

212

OPINION.

LANSDON: The petitioners' first contention here is that it was strictly a trust in the taxable years; that all the income realized from the sale of lots was distributable to the beneficiaries in proportion to their interests; and that such distributions having been made as contemplated by the trust instrument, it was not taxable in any of the years in question. The facts herein are similar to those found in *G. F. Sloan et al.*, 24 B. T. A. 61, and, in our opinion, our decision there must control in this proceeding. Here, as there, a voluntary association was formed and financed to acquire, hold, improve and sell a parcel of valuable real estate. The operations extended over a few years and, while they involved only one purchase, they included many sales. There is sufficient resemblance to corporation organization and procedure to bring the petitioner within the provisions of the law for taxing an association as a corporation. The purpose of this organization was to make money by dealing in real estate. Its operations were carried on for profit. In our opinion, the determination of the respondent must be approved. *Hecht* v. *Malley*, 265 U. S. 144; *Durfee Mineral Co.*, 7 B. T. A. 231.

Subsequent to the promulgation of *G. F. Sloan et al.*, *supra*, the Board adopted and promulgated its report in the proceeding of *Frank G. Wild*, 24 B. T. A. 691. The facts in that proceeding distinguish it from the instant case. There, there was no organization of the participants in a joint venture. Each individual contributed capital, which was to be used by a manager who was in unrestricted control over the operations from which profit might be derived and empowered to close out the venture and distribute the proceeds at any time. The participants entered into no association with each other and there was no resemblance to corporate organization and operation. In the instant proceeding the beneficiaries of the trust associated themselves in an organized capacity and retained complete authority over the trustees and their operations. This brings the petitioner within the provisions of section 2 of the Revenue Acts of 1921 and 1924, as interpreted by the Commissioner in article 1312 of Regulations 74. See *Realty Associates*, 17 B. T. A. 1173.

The distinction between a trust instituted solely for the purpose of conserving and liquidating properties already owned by the beneficiaries and one that is based on an organized association of individuals engaged in business for profit is now well established. In

*Realty Associates, supra,* and *Frank G. Wild, supra,* there was no voluntary association of individuals, but merely contributions to a fund to be used by a promoter in complete control of all transactions. This is also true in *F. E. McGlone et al.,* 22 B. T. A. 358, where the trust was instituted for the sole purpose of disposing of certificates of beneficial interest in one-half of the property, but was terminated before operation was begun. In *Lansdowne Realty Trust* v. *Commissioner,* 50 Fed. (2d) 56, the trustees merely received property already owned by the beneficiaries and under lease for five years and collected and distributed the income therefrom and did " nothing more than trustees ordinarily would be called upon to perform in the management of trust property." In *Lucas* v. *Extension Oil Co.,* 47 Fed. (2d) 65, which affirms *Extension Oil Co.,* 16 B. T. A. 1028, the trust was declared for the purpose of proving and selling an oil lease and never continuously operated the property as a business.

On the other hand, a long line of cases decided by the courts and this Board hold that if there is a voluntary association functioning similiarly to a corporation that transacts business for profit, tax liability as a corporation results. At the head of these cases is *Hecht* v. *Malley, supra,* in which the Supreme Court said:

We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, but are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to be deemed associations within the meaning of the Act of 1918; * * *

In the *Burk-Waggoner Oil Association* v. *Hopkins,* 269 U. S. 110, the court disposed of all contentions as to the constitutional power of Congress to tax unincorporated associations as corporations. In *E. A. Landreth Co.,* 11 B. T. A. 1, this Board exhaustively discussed all the phases of the question here involved and reached the conclusion that the petitioner therein was an association. Cf. *J. W. Pritchett et al.,* 17 B. T. A. 1056; *Russell Tyson et al., Trustees,* 20 B. T. A. 597; *Tulsa Mortgage Investment Co.,* 21 B. T. A. 735; *Lloyd M. Willis et al., Trustees,* 22 B. T. A. 564.

In the light of all the pertinent decisions cited and others too numerous for citation, we conclude that whether a trust is taxable as an association must be determined (1) by the form of the organization and (2) by the purposes, nature and results of its operations. The application of these tests requires the taxation of the petitioner as an association.

There is no evidence that the failure to file returns in the taxable year was willful. As soon as the trustees realized that reports of

some sort must be made to the Commissioner, they made out and filed what they regarded as the returns required by law. Section 3176 of the Revised Statutes (U. S. Code Title 26, 98) as amended, provides in part as follows:

* * * In case of any failure to make and file a return within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, *except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax.* * * *
[Italics supplied.]

In this proceeding a return was filed after the due date. The evidence is clear that the failure to file a timely return was due to reasonable cause and not to willful neglect. We are of the opinion that in the circumstances herein and in the light of the explanation made at the hearing, the penalty was not authorized and should not be collected. *Adelaide McColgan, Administratrix*, 10 B. T. A. 958; *Fajardo Sugar Co. of Porto Rico*, 20 B. T. A. 980; *Dayton Bronze Beating Co.* v. *Gilligan*, 281 Fed. 709.

*Decision will be entered under Rule 50.*