OPINION. Black, Judge: Briefly, the issues which we previously stated in greater .detail are: (1) Is the Foundation in Docket No. 1617 exempt from taxation for the years 1926 and 1927 under either paragraph (6) or (8) of section 231 of the Revenue Act of 1926 ? (2) If not exempt from taxation under (1) above, should the $12,-000 contributed by Abbotts to the Foundation for each of the years 1926 and 1927 be excluded from the Foundation’s gross income for those years as a gift under section 213 (b) (3) of the Revenue Act of 1926? (3) If both (1) and (2) are decided in favor of the respondent, is the Foundation liable for the penalties? (4) Are petitioners in Docket Nos. 1618 and 1684 entitled to deduct the contributions made to the Foundation in 1938,1939, and 1940 under section 23 (o) (2) of the Revenue Act of 1938 and of the Internal Revenue Code as amended ? We shall consider these issues in the order stated. 1. Paragraphs (6) and (8) of section 231 of the Revenue Act of 1926 are in the margin.[2] At the outset it may be noted, as stated by the respondent’s counsel at the hearing, that the Foundation is exempt from taxation for all years after 1927 under section 137 of the Revenue Act of 1942, which was made retroactive to and including the Revenue Act of 1928. Is the Foundation exempt from taxation for the years 1926 and 1927 ? The parties have stipulated that the Foundation “is' and was at all times herein mentioned an unincorporated association” of the employees of Abbotts. It would thus come within the term “corporation” as that term is defined in section 2 (a) (2) of the Revenue Act of 1926.[3] In his brief the respondent has conceded that no part of the net earnings of the Foundation inured to the benefit of any private shareholder or individual. The question under section 231 (6) is therefore narrowed to whether the Foundation was or was not “organized and operated exclusively for * * * charitable purposes.” The respondent contends that because the principal income of petitioner is from dues paid by its members it can not qualify as a charitable institution depending upon gifts or funds from other sources. In support of this contention the respondent cites Philadelphia & Reading Relief Association, 4 B. T. A. 713, as being “on all fours with the instant case.” In that case we said (p. 726) : * * * A society whose principal income is derived from a fixed regular compulsory contribution from its members, which is to constitute a fund to be used exclusively for the benefit of its members is not a charitable society. In that case we also said, p. 728: Here, for definite contributions, paid by its members at regular recurring periods, the Association undertakes to pay its members certain definite sums in the, event of sickness, accident, or death. Whatever it may be called, the scheme is that of insurance. The relation of the Association to its members is contractual, rather than charitable. Nor is it a benevolent institution. No aid is furnished from generosity or liberality. None such is pretended. On the contrary, for a pecuniary consideration the Association agrees to pay a definite sum in the cases specified. If it fails to perform its contracts with its members, they may be enforced in the courts by suit. Certainly, under circumstances such as we have present in this case, it can not be successfully maintained that petitioner is a corporation or association, organized and operated exclusively for charitable purposes, and, hence, it is not entitled to exemption from tax under the provisions of section 231 (6) of the Revenue Act of 1918. Petitioner contends that its charitable quality is not destroyed by reason of the fact that the beneficiaries themselves make contributions to its fund, and in support of this contention it cites Union Pac. Ry. Co. v. Artist, 60 Fed. 365; Y. M. C. A. Retirement Fund, Inc., 18 B. T. A. 139; and G. C. M. 19028, Internal Revenue Cumulative Bulletin 1937-2, p. 125. In the first case cited a railroad company maintained a hospital for its employees by means of contributions of 25 cents per month from each employee and of from $2,000 to $4,000 per month contributed by itself. It was sued by one of its employees who, while a patient at the hospital, had sustained an injury through the negligence of one of the hospital attendants. The Circuit Court of Appeals, Eighth Circuit, held that the hospital was a charitable institution and that, therefore, the railroad company was not liable for the injuries in question where it exercised ordinary care in selecting the attendant. The case presented no question of taxation and was decided long before Philadelphia c& Reading Relief Association, supra. Tn the second case we held that a corporation which was organized and operated solely for the purpose of providing annuities for superannuated secretaries of the Y. M. C. A. and which derived its funds principally from public contributions was exempt from taxation under the provisions of section 231 (6) of the Revenue Act of 1926. In so holding we specifically distinguished that case from the Philadelphia Reading Relief Association case upon the ground that in the latter case the principal income was derived from a fixed regular compulsory contribution from its members, whereas in the T. M. O. A. Retirement Fund, Inc., case the principal income was derived from the generosity or liberality of others. In G. C. M. 19028 it was held that an employees’ organization engaged in administering a fund contributed partly by the employees, partly by the employer, and partly by others was exempt as a charitable organization, “notwithstanding the employee beneficiaries may be required to make regular contributions to the fund, provided such contributions represent a minor portion" (italics supplied) of the organization’s income. In the instant proceeding, the contributions by the members of the Foundation represented a major portion of the Foundation’s income, and for this reason we hold that it is controlled by Philadelphia & Reading Relief Association, supra, rather than by the authorities cited above as relied upon by petitioner. See also Employes' Benefit Association of American Steel Foundries, 14 B. T. A. 1166; and Pontiac Employees Mutual Benefit Association, 15 B. T. A. 74; Shell Employees' Benefit Fund, 44 B. T. A. 452. Petitioner also contends that “The most important factor in determining whether or not an employees’ organization is a charity is whether the benefits are fixed and contractual, or indefinite and dependent upon the exercise of discretion by the administrators of the fund.” It argues that the bylaws of the Foundation gave the board of managers such a wide discretion as to render both the beneficiaries and the benefits uncertain and that this factor should take the instant proceeding out of the class of such cases as Philadelphia & Reading Relief Association, supra. We are not convinced by this argument In the administration of any fund for the benefit of employees who are in need of relief of one kind or another there must by necessity be vested in the administrators of the fund a certain amount of discretion so that all employees will be treated with an approximate degree of fairness. We do not think that the amount of discretion vested in the board of managers of the Foundation by its bylaws or the amount of discretion actually exercised by the board requires us to make a holding here contrary to our holding in Philadelphia & Reading Relief Association, supra. We think the controlling factor is the amount of dues actually contributed by the members themselves. Where such contributions constitute the major portion of the income the organization more nearly resembles an insurance institution than a charitable institution. The benefits which the members receive are not charity, but represent something which they are entitled to receive, largely on account of dues which they themselves have paid in to the Foundation. We hold that for the years 1926 and 1927 petitioner is not exempt from taxation under paragraph (6) of section 281 of the Kevenue Act of 1926. The same holding is required relative to petitioner’s claim for exemption under paragraph (8) of section 231, since one of the factors essential for exemption is that petitioner’s net earnings be “devoted exclusively to charitable * * * purposes.” 2. During each of the years 1926 and 1927 Abbotts contributed $12,000 as provided by article ix of the bylaws of the Foundation to the general funds of the Foundation to he used for any of its purposes and objects. The respondent has included these contributions in the Foundation’s gross income. Petitioner (the Foundation) contends they were gifts to it and should be excluded under section 213 (b) (3) of the Kevenue Act of 1926, set forth in the margin.[4] The respondent relies principally upon our holding in Philadelphia & Reading Relief Association, supra, wherein we held at page 731 that certain amounts contributed to that association, the petitioner there, by the United States Railroad Administration in 1919, and the Philadelphia & Reading Railway Co. and/or the United States Railroad Administration in 1920 were “not donations in any proper meaning of that term,” but were “income to the petitioner, and, accordingly, subject to tax.” Respondent also cites in support of his contention on this point our more recent decision in Shell Employees' Benefit Fund, supra. In that case, among other things, we said : * * * The contributions made by the employer were not gifts, and they are none the less income because of the provision of the bylaws that the employer was under no obligation to make them [citing cases]. The corporation did not intend them to be gifts, as is shown by its failure to call them gifts or to express otherwise such intention, and by its treatment of them on its tax returns as ordinary and necessary business expenses. * * * On the authority of Philadelphia & Reading Belief Association, supra, and Shell Employees' Benefit Fund, supra, we sustain respondent on this point. 3. Is the Foundation liable for the penalties? Section 3176 of the Revised Statutes as amended by section 1103 of the Revenue Act of 1926 provides in part as follows: * * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of .its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * * We do not think the penalties should be imposed. The parties have stipulated that “Upon the advice of counsel, income tax returns were not filed by the C. R. Lindback Foundation for the taxable years 1925, 1926 and 1927 but delinquent returns were filed on April 2, 1942 for said years * * . Advice of reputable counsel that a taxpayer was not liable for the tax has been held to constitute reasonable cause for failure to file on time where it was accompanied by other circumstances showing the taxpayer’s good faith. Dayton Bronze Bearing Co. v. Gilligan, 281 Fed. 709; Adelaide Park Land, 25 B. T. A. 211; Agricultural Securities Corporation, 39 B. T. A. 1103; affirmed on another point, 116 Fed. (2d) 800. The holding of the court in Dayton Bronze Bearing Co. v. Gilligan, supra, may be summarized from the court’s opinion as follows: Where a corporation believing in good faith, on reasonable grounds and after taking advice of reputable counsel, that it was not liable for munitions tax, made no return within the time prescribed by statute, but later, on advice of the collector, made a voluntary return without prejudice, the imposition of the penalty for failure to make timely return prescribed by Revised Statutes, section 3176, is not authorized. We think the facts in the instant case bring it-within the ambit of the court’s opinion in the Dayton Bronze Bearing Co. case and we so hold. Petitioner’s assignment of error as to the imposition of penalties is sustained. 4. Lindback voluntarily contributed $5,000 to the Foundation in each of the years 1938,1939, and 1940. Griscom, now deceased, voluntarily contributed $2,000 in 1939. Section 23 (o) (2) of the Revenue Act of 1938 and of the Internal Revenue Code, as amended, are for the purposes of the question here involved substantially the same. The material provisions of the Revenue Act of 1938 are in the margin.[5] Contrary to what we have held as to the contributions made by Abbotts, there can be no doubt in our opinion that the contributions by Lindback and by Griscom were gifts as that term is used in section 213 (b) (3) of the Revenue Act of 1926. However, under the first issue we held that for the years 1926 and 1927 the Foundation was not “organized and operated exclusively for * * * charitable * * * purposes.” There was no substantial change in the organization or operation of the Foundation during the years 1938,1939, and 1940. It is true that, by reason of section 137 of the Revenue Act of 1942, the Foundation has been rendered exempt from taxation for all years back to and including 1928, but gifts to a corporation or unincorporated association which is exempt from taxation are not necessarily deductible by the donor in computing his net income for taxation. Such contributions in order to be deductible must come within the provisions of section 23 (o) (2) and the contributions here do not come within those provisions. We hold, therefore, that the above mentioned contributions made to the Foundation during the years 1938, 1939, and 1940 are not deductible as “charitable” contributions under section 23 (o) (2) of the Revenue Act of 1938 and of the Internal Revenue Code, as amended. In Docket No. 1617 decision will be entered in favor of respondent as to deficiencies in tax but in favor of petitioner as to penalties. In Docket No. 1618 decision will be entered wider Rule 60. In Docket No. 1681 decision will be entered for respondent. Sec. 231. The following organizations shall be exempt from taxation under this title— * * * * * * * (6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; ******* (8) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality. and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes; Sec. 2. (a) When used in this Act— [[Image here]] (2) The term “corporation” includes associations, joint-stock companies, and insurance companies. Sec. 213. For the purposes of this title, except as otherwise provided in section 233— ******* (b) The term “gross income’' does not include the following items, which shall be exempt from taxation under this title : ******* (3) The value of property acquired by gift, bequest, devise or inheritance (hut the income from such property shall be included in gross income). SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: [[Image here]] (o) Charitable and Other Contributions. — In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: ******* (2) A domestic corporation, or domestic trust, or domestic community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation ; ******* to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer’s net income as computed without the benefit of this subsection. * * *