### HAYWOOD LUMBER & MINING CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 127, Docket 21468.

United States Court of Appeals, Second Circuit.

Argued Dec. 6, 1949.

Decided Jan. 4, 1950.

7. Footnote 2, supra.

C. Addison Keeler, of Binghamton, New York, Attorney for petitioner.

Theron Lamar Caudle, Assistant Attorney General, C. Oliphant, Washington D. C.; Ellis N. Slack, Helen Goodner and Francis W. Sams, Special Assistants to the Attorney General, for the respondent.

Before L. HAND, Chief Judge and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The taxpayer is a personal holding company. The Commissioner determined deficiencies in personal holding company surtaxes for the years 1941 and 1942 and added thereto a 25% penalty, pursuant to § 291 of the Internal Revenue Code, for petitioner's failure to file personal holding company returns for those years. The sole question presented to the Tax Court and likewise here is whether the taxpayer's failure to file personal holding company returns 'for the years in suit was "due to reasonable cause and not due to willful neglect".[1] The Tax Court held that it was not due to reasonable cause.

"Reasonable cause" has been defined by the Regulations to mean that the taxpayer exercised ordinary business care and prudence. Treas.Reg. 103, § 19.291–1; see Southeastern Finance Co. v. Commissioner, 5 Cir., 153 F.2d 205; Girard Inv. Co. v. Commissioner, 3 Cir., 122 F.2d 843, 848, certiorari denied 314 U.S. 699, 62 S.Ct. 479, 86 L.Ed. 559, citing Klein, Federal Income Taxation 1674. In the case at bar Mr. Sprague, the taxpayer's secretary-treasurer, requested a certified public accountant, Mr. Wolcott, who was competent to advise on tax matters, to prepare the proper corporate tax returns for the years 1941 and 1942. Sprague fully disclosed to Wolcott all necessary information about the corporation and Wolcott knew that the taxpayer was a personal holding company but "through inadvertence" did not inform Sprague of this fact nor submit to him a

1. Sec. 291, I. R. C., 26 U.S.C.A. § 291: "(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: * * * not exceeding 25 per centum in the aggregate."

personal holding company surtax return. Sprague was aware of the personal holding company surtax statute but he had never studied its application and it did not occur to him that the petitioner was a personal holding company. He filed on behalf of the corporation only the returns prepared by Wolcott. Because Sprague did not "specifically inquire" of Wolcott "concerning the personal holding company status of petitioner" but "merely awaited passively for such tax advice as Wolcott might volunteer to give," the Tax Court held, one judge dissenting, that petitioner had not sustained the burden of proving that ordinary business care and prudence were exercised in failing to file the personal holding company surtax returns.

■ With this conclusion we disagree. When a corporate taxpayer selects a competent tax expert, supplies him with all necessary information, and requests him to prepare proper tax returns, we think the taxpayer has done all that ordinary business care and prudence can reasonably demand. Sprague had not "awaited passively for such tax advice" as Wolcott "might volunteer to give"; he affirmatively requested the preparation by his consultant of proper returns.[2] To require Mr. Sprague to inquire specifically about the personal holding company act nullifies the very purpose of consulting an expert. We doubt if anyone would suggest that a client who stated the facts of his case to his lawyer must, in order to show ordinary business care and prudence, inquire specifically about the applicability of various legal principles which may be relevant to the facts stated. The courts have recognized that reliance on the advice of counsel[3] or of expert accountants,[4] sought and received in good faith is "reasonable cause" for failing to file a tax return. We think those cases are correctly decided and in principle con-

trol the case at bar. The Tax Court relies on Hermax Co v. Commissioner, 3 Cir., 175 F.2d 776, affirming 11 T.C. 442. There the accountant was not qualified to advise about tax matters and the corporation's president testified to no reason why he relied on him. Here the undisputed evidence showed that Wolcott had had over twenty years of extensive tax experience with a prominent accounting firm in Binghamton and had advised the petitioner on tax matters in previous years.

■ The respondent contends that where all responsibility for the preparation of tax returns is delegated to an agent, the taxpayer should be held to accept its agent's efforts *cum onere* and be chargeable with his negligence. That was the rationale suggested by this court in Berlin v. Commissioner, 59 F.2d 996, certiorari denied 287 U.S. 642, 53 S.Ct. 90, 77 L.Ed. 555. Further reflection convinces us that that proposition is not sound. The standard of care imposed by section 291 is personal to the taxpayer. To impute to the taxpayer the mistakes of his consultant would be to penalize him for consulting an expert; for if he must take the benefit of his counsel's or accountant's advice *cum onere*, then he must be held to a standard of care which is not his own and one which, in most cases, would be far higher than that exacted of a layman. The cases which hold that advice sought and received in good faith from a competent adviser constitutes reasonable cause for failure to file the required return are inconsistent with the *cum onere* doctrine suggested in the Berlin case.

In Paymer v. Commissioner, 2 Cir., 150 F.2d 334, 337 we said that reasonable cause was a question of fact and "therefore presents no reviewable issue." This abbreviated statement does not state the whole principle, which is better expounded in Hatfried, Inc. v. Commisioner, 3 Cir., 162

---

2. Mr. Sprague testified as to his conversation with Mr. Wolcott: "I advised him, 'Here are the Hayward figures'—I had brought my books with me—'if there have been any changes in the law we don't know about, you tell us and prepare the return'."

3. C. R. Lindback Foundation v. Commissioner, 4 T.C. 652, 667, affirmed, 3 Cir., 150 F.2d 986; Dayton Bronze Bearing Co. v. Gilligan, 6 Cir., 281 F. 709.

4. Hatfried, Inc., v. Commissioner, 3 Cir., 162 F.2d 628; Orient Inv. & Finance Co. v. Commissioner, 83 U.S.App.D.C. 74, 166 F.2d 601.

F.2d 628, 635. As there pointed out, whether the elements which constitute "reasonable cause" are present is a question of fact, but what elements must be present to constitute "reasonable cause" is a question of law. The Tax Court erred in our opinion upon this question of law. Accordingly the decision must be modified to strike out the penalties in personal holding company surtax for the years 1941 and 1942 in the respective amounts of $567.77 and $923.83.