## In re FISK'S ESTATE.
### FISK v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11685.

United States Court of Appeals
Sixth Circuit.
April 16, 1953.

Robert W. Tripp, Detroit, Mich., Robert W. Tripp, Detroit, Mich., Albert W. Dimmers, Hillsdale, Mich., on the brief, for petitioner.

George F. Lynch, Washington, D. C., Charles S. Lyon, Ellis N. Slack, Robert N. Anderson, and Walter Ackerman, Jr., Washington, D. C., on the brief, for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented is whether the Tax Court erred in imposing a penalty under Internal Revenue Code, Section 3612

(d) (1), 26 U.S.C.A. § 3612(d) (1), for failure to file an estate tax return within the time prescribed by law. The return was due July 21, 1947. It reached the collector's office July 22, 1947.

Respondent stated in open court that it did not rely upon the existence of "willful neglect" under the statute. The Tax Court held that the petitioner did not show that the failure to file within the time prescribed by law was due to a "reasonable cause" and therefore sustained the Commissioner in imposing the 5% penalty. The finding of the Tax Court on the facts is as follows:

> "The evidence on this phase of the case is meager. We know that petitioner turned the preparation and filing of the estate tax return over to an attorney. How long before the due date that was done is not shown. The attorney had had but a limited experience with tax matters, but he did consult respondent's regulations before preparing and mailing the return. No explanation is offered as to why mailing was put off until the due date. The most we can say is that possibly the attorney assumed that if he mailed the return on the due date it would be treated as having been timely filed."

█ We think the addition of the penalty constituted error as a matter of law. The question of the existence of reasonable cause is in the first instance one of fact for the Tax Court, Commissioner v. Lane-Wells Co., 321 U.S. 219, 225, 64 S.Ct. 511, 88 L.Ed. 684, which must decide whether the elements which constitute reasonable cause are present in a case. What elements must be presented to constitute reasonable cause is a question of law. Hatfried, Inc., v. Commissioner, 3 Cir., 162 F.2d 628, 635; Haywood Lumber & Mining Co. v. Commissioner, 2 Cir., 178 F.2d 769. Reasonable cause means nothing more than the exercise of ordinary business care and prudence. Haywood Lumber & Mining Co. v. Commissioner, supra; Orient Investment & Finance Co., Inc., v. Commissioner, 83 U.S.App.D.C. 74, 166 F.2d 601,

3 A.L.R.2d 612; Southeastern Finance Co. v. Commissioner, 5 Cir., 153 F.2d 205. Various courts have held as a matter of law that reliance upon an attorney or an accountant for making out and filing of tax returns constitutes reasonable care. Cf. Dayton Bronze Bearing Co. v. Gilligan, 6 Cir., 281 F. 709, certiorari denied 258 U.S. 619, 42 S.Ct. 272, 66 L.Ed. 794; Haywood Lumber & Mining Co. v. Commissioner, supra; Orient Investment & Finance Co., Inc., v. Commissioner, supra. The Tax Court has repeatedly decided that reliance upon counsel constitutes reasonable cause for failure to timely file necessary tax returns. The C. R. Lindback Foundation v. Commissioner, 4 T. C. 652; Brooklyn & Richmond Ferry Co., Inc., v. Commissioner, 9 T. C. 865; Safety Tube Corporation v. Commissioner, 8 T.C. 757; Diana McFadden Houk, 6 T.C.Memo. 649.

In Hatfried, Inc., v. Commissioner, supra, where it appeared that the only possible conclusion on the record was that the failure to file a personal holding company return was made on an accountant's advice, the Third Circuit held that the finding that there was no reasonable cause was not sustained by substantial evidence. Whether we adopt the theory of this case or of the cases which hold that in such matters reliance upon an attorney constitutes reasonable care as a matter of law, the result is the same and the decision herein is erroneous.

As pointed out by the Second Circuit in Haywood Lumber & Mining Co., supra [178 F.2d 771], "To impute to the taxpayer the mistakes of his consultant would be to penalize him for consulting an expert; for if he must take the benefit of his counsel's or accountant's advice *cum onere,* then he must be held to a standard of care which is not his own and one which, in most cases, would be far higher than that exacted of a layman."

The Tax Court says that it does not appear how long before the due date the petitioner turned this matter over to the attorney, but the number of items in certain of the schedules listed in the estate tax return as shown by the record, 34 for Schedule B and 30 for Schedule E, demon-

360

strates that a considerable period of time must have been spent in its preparation.

We adhere to the rule stated in Haywood Lumber & Mining Co., supra, that as a matter of law reasonable cause was shown in this case. This rule, we hold, applies to the filing of tax returns as well as to reliance upon technical advice in complicated legal matters. We think this conclusion is in accord with the principle declared by the Supreme Court that the penalties under the revenue laws were designed to be imposed upon conduct "which is intentional, or knowing, or voluntary, as distinguished from accidental." United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381. "It is not the purpose of the law to penalize * * * innocent errors made despite the exercise of reasonable care." Spies v. United States, 317 U.S. 492, 496, 63 S.Ct. 364, 367, 87 L.Ed. 418.

The decision and order of the Tax Court are reversed and the case is remanded for further proceedings not inconsistent with this opinion.