**Will J. SUMMERS and Elgye Summers**

v.

**UNITED STATES of America.**

**Civ. A. No. 2209.**

United States District Court
M. D. Tennessee,
Nashville Division.

Feb. 4, 1958.

---

James L. Roberts, Nashville, Tenn., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James Garland and Theodore D. Taubeneck, Dept. of Justice, Washington, D. C., Fred Elledge, Jr., U. S. Dist. Atty., Nashville, Tenn., for defendant.

WILLIAM E. MILLER, District Judge.

Plaintiffs, Will J. Summers and wife, Elgye Summers, instituted this action to recover the sum of $1,342.16 which they allege was erroneously assessed against them as a penalty for failure to file a declaration of estimated tax for the years 1951 and 1952, as required by Section 58 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 58.

Section 294(d) (1) (A) of the Internal Revenue Code of 1939 provides in part as follows:

"* * * In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, * * *."

After a hearing before Internal Revenue authorities, it was determined that taxpayers had not satisfactorily shown reasonable cause for failure to file a declaration and make payments of their estimated income tax for 1951 and 1952, and the penalty was accordingly assessed.

Plaintiff Summers has been in the automobile business in Springfield, Tennessee, since 1946 and from that time through the years in question he made and filed his own income tax returns.

As justification for his failure to file the declarations, he testified that in 1946 he and his then partner sought advice from Mr. Wayne Cisney, who had previously been in the Internal Revenue Service. At that time Cisney was a licensed attorney but was not actively engaged in practice, being in the automobile business. Plaintiff stated that as a result of this conversation with Cisney in 1946 he was under the impression that he did not have to file a declaration of estimated tax so long as he paid his

taxes prior to January 15 following the tax year.

As a further excuse, plaintiffs rely upon the fact that from 1946 through 1950 their returns were checked with no assessment being made for failure to make a declaration of estimated income; and that no one connected with the investigation of the tax returns ever called to their attention their failure to file a declaration of estimated tax. Plaintiff testified that he had conversations with Mr. Price and Mr. McCampbell, who were examining the returns, concerning the declaration of estimated income tax, and that as a result of these conversations it was his understanding that it was common practice to file returns and pay the tax by the 15th of January of the year following the year in which the tax was to be paid without filing a declaration of estimated tax.

Price testified that he examined plaintiffs' books for the year 1949 in 1951, but he did not recall discussing with Summers during the course of the examination his failure to file a declaration of estimated tax. Price further stated that until approximately 1951 or 1952, agents were instructed not to assess any penalty for failure to file a declaration, but that there was a change in policy of the Internal Revenue Service around the time he examined plaintiffs' return. They were to inform taxpayers in checking their returns that the requirement as to filing declarations would be enforced. Price was not sure whether he had received these instructions before or after he had dealt with plaintiff nor did he recall advising plaintiff of the change in policy.

■■ In In re Fisk's Estate, 6 Cir., 203 F.2d 358, 359, reasonable cause is defined as the "exercise of ordinary business care and prudence". In the opinion of the Court the facts of this case do not bring plaintiffs within that definition.

With respect to the so-called "advice" or information received from Cisney, there are several reasons why the plaintiffs have failed to establish reasonable cause for not filing the declarations which the law clearly required. In the first place, the testimony of the plaintiff Summers, when considered in its entirety, does not justify the conclusion that he actually received advice from Cisney that he was not required to file the declaration so long as he paid the tax by January 15 of the following year. The most that can be said is that from a general conversation with Cisney with respect to income tax problems of the partnership and covering no doubt a number of complicated tax questions, the plaintiff gained an "impression" or "understanding" that he was not required to file the declaration. He does not positively state that he was in fact given such advice. Secondly, the testimony of Cisney does not support the idea that he gave such advice to the plaintiff. He testified in substance that he could not recall having discussed the matter but that if his advice as to filing declarations had been asked, he would have advised the plaintiff to comply with the law. He further stated that he knew at that time that the law did require the declarations to be filed. Thirdly, such an understanding or impression derived from a general conversation in 1946 could not be reasonably or prudently acted upon by a taxpayer without further advice in the years 1951 and 1952. Since the requirement of the law was clear, any reasonably prudent person would act only upon current and not upon stale information.

Furthermore, the Court is of the opinion that the plaintiffs could not fairly or reasonably act upon the failure of the Internal Revenue agent to call the omission to their attention. The plaintiffs' tax returns were investigated for the years 1946 through 1950 but the pertinent question in this case concerns itself with the plaintiffs' obligation to file a declaration of estimated tax for the years 1951 and 1952. The plaintiff Summers testified that he prepared his own tax returns and it was his obligation to determine the requirements of the law for those particular years. He could not prudently rely upon the fact that Internal Revenue

agents in past years had not questioned his failure to file the declarations. This is especially true for the reason that immediately prior to the due date for the first estimate involved here, the taxpayers received a booklet which set forth the requirement without qualification.

■ There can be no doubt that the burden of proof rests upon the taxpayers to show that they had reasonable cause in failing to file the declarations, and upon the whole case the Court is of the opinion that such burden has not been carried.

For that reason the Court finds it unnecessary to determine the permissible scope of judicial review of the Commissioner's finding under Section 294(d) (1) (A). But cf. Schram v. United States, 6 Cir., 118 F.2d 541; Carmichael v. U. S. (U.S.Dist.Ct.No.Dist.Ga.1956), 56–2 U.S.T.C. at p. 56, 690.

In accordance with this memorandum Findings of Fact and Conclusions of Law together with a form of Judgment will be submitted.