Dan O. HOYE, as Controller of the City of Los Angeles, and Dan O. Hoye, Plaintiffs,

v.

UNITED STATES of America, Robert A. Riddell, Director of Internal Revenue, and Richard A. Westberg, Defendants.

UNITED STATES of America, Plaintiff in Intervention,

v.

Dan O. HOYE et al., Defendants in Intervention.

Civ. No. 1065–57 T.

United States District Court
S. D. California,
Central Division.

April 22, 1959.

Dan O. Hoye, as Controller of City of Los Angeles and Dan O. Hoye, for plaintiffs.

Roger Arnebergh, City Atty., Alfred E. Rogers, Asst. City Atty., T. Paul Moody, Deputy City Atty., Los Angeles, Cal., for defendants in intervention Dan O. Hoye, et al.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Robert Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for the United States et al.

TOLIN, District Judge.

A second addendum to the Memorandum of Decision becomes necessary because proposed findings of fact, conclusions of law and judgment point up an important facet of the controversy which was not fully developed at the trial or then fully appreciated or definitively ruled upon by the trial Judge. The case was litigated principally upon the issue of whether the United States in giving a Notice of Levy to secure payment of delinquent income tax upon the monies, credits, etc., due a Municipal employee and in possession of a Municipal government was obligated to proceed as an ordinary creditor. The Court is satisfied that its decision of this element of the case as set forth in the Memorandum of Decision is valid.

At the time of trial and decision it appeared that the contention was that Section 6332 of Title 26 United States Code simply had the effect of fixing liability for the tax and interest upon defendant Hoye should the United States fail to collect the tax owed by defendant in intervention Richard A. Westberg by reason of Hoye's failure or refusal to honor the levy. It should be said that the Amended Complaint in Intervention does not exclude the theory that Hoye, the City Controller, is subject to a pure penalty. At the trial such a theory was not argued. Liability to the extent of a loss occasioned by failure to honor a levy seemed to be the reasonable result to visit upon the City Controller. It did not occur to the Court, nor did counsel suggest, that the sovereign was intending to penalize the Controller of the City of Los Angeles because he had sought to clarify a legal situation which was to him unclear. The proposed Judgment quite properly and clearly undertakes to collect the amount of the tax with interest and costs by way of foreclosure of the tax lien against the debt owed by the City of Los Angeles to the taxpayer and defendant in intervention Richard A. Westberg. There is no quarrel with the findings and conclusions tendered as to this cause of action.

It is now clear that in addition to that relief, the United States seeks a penal judgment against defendant Dan O. Hoye in his person and estate in the sum of $155.93 together with interest and costs at the rate of six percent per annum. This is not sought as indemnification because of ultimate failure of the levy to reach the taxpayer's wages but is sought purely as a penalty. The wages have not been paid and the foreclosure of the lien thereon should apply them to payment of taxes by mere execution of the judgment filed herewith. The statute in question [1] reads in pertinent part:

"*Surrender of property subject to levy*

"(a) *Requirement.*—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) *Penalty for violation.*—Any person who fails or refuses to surrender as required by subsection (a) any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy.

"(c) * * * Aug. 16, 1954, 9:45 a.m., E.D.T., c. 736, 68A Stat. 784."

There is doubt whether Congress intended to provide a true penalty or whether it intended to only place a responsibility upon one who disregarded a levy and such disregard would lead to loss by the United States of the funds levied upon. In this connection it is noteworthy that Sec. 6332(b) of Title 26 U.S.C., although titled "Penalty for violation," does not use the word "penalty" in any of the operative language of the statute. The failure to definitively state within the operative language of the statute that a penalty is prescribed at least creates an ambiguity which should be resolved in favor of the officer from whom the penalty is demanded. This follows from application of the general consideration courts give credit in situations wherein a penalty is sought. It does not necessarily follow that because the word "penalty" appears in a paragraph title, that penalty will be inferred into the body of the statute from which its general context and obvious purport appears to be only remedial.

An Appellate Court has said:

" * * * [I]t is well settled that in the application of penalties 'all questions in doubt must be resolved in favor of those from whom the penalty is sought.' Crawford Statutory Construction, Section 240, page 462." [2]

When the Supreme Court [3] was considering the imposition of penalties under the Clayton Act, 15 U.S.C.A. § 12 et seq., and was construing the wording of the statute, it said:

" * * * Decisions of this court, where the letter of the statute was not deemed controlling and the legislative intent was determined by a consideration of circumstances apart from the plain language used,

---

1. Secs. 6332(a) and 6332(b), Title 26 U.S.C.

2. Hatfried, Inc. v. Commissioner of Internal Revenue, 3 Cir., 1947, 162 F.2d 628, at page 633.

3. Van Camp & Sons Co. v. American Can Co., 1928, 278 U.S. 245, at page 253, 254, 49 S.Ct. 112, at page 113, 73 L.Ed. 311.

are of rare occurrence and exceptional character, and deal with provisions which, literally applied, offend the moral sense, involve injustice, oppression or absurdity, United States v. Goldenberg, 168 U.S. 95, 103, 18 S.Ct. 3, 42 L.Ed. 394, or lead to an unreasonable result, plainly at variance with the policy of the statute as a whole. Ozawa v. United States, 260 U.S. 178, 194, 43 S.Ct. 65, 67 L.Ed. 199. * * * "

An offense to the moral sense, created by imposing a penalty against one who is acting in good faith in testing the claim upon which the penalty is based, is astutely put in Anuchick v. Transamerican Freight Lines,[4] when, in view of a mandatory (by exact language of statute) imposition of a penalty under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., it was said:

" * * * [I]t would be manifestly unfair to expect a business man to come to a conclusion on what these two laws meant when read together, under pain of heavy penalty if he didn't guess right. * * *

"Furthermore, under our decisions the law must be clear in order to exact the penalty in a civil case. Here the act is both penal and remedial but the effect is not clear. * * * "[5]

It is impressive that in imposing penalties in other areas of taxation, they are only assessed upon a showing of reasonable cause or in some aggravated circumstance. In construing the terms of an Amendment to the Revenue Act of 1934 requiring that imposition of penalty in the case of failure to make and file a return was not to be made except upon reasonable cause, the Court resolved all reasonable doubts in favor of the taxpayer.[6] In a tax situation, although under a different act, the Court of Appeals for the Sixth Circuit has held that reliance by the taxpayer upon the advice of counsel constituted reasonable cause even though the advice was founded upon mistake or ignorance of the law.[7] In its decision the Court stated:

"Courts are reluctant to construe a statute so as to impose a penalty, unless there has been a substantial delinquency. * * * "

In dealing with a criminal action under the Internal Revenue Laws, the Supreme Court stated:[8]

" * * * It is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the exercise of reasonable care. Such errors are corrected by the assessment of the deficiency of tax and its collection with interest for the delay. * * * "

The present case has all the earmarks of a Municipal government honestly undertaking to find the pathway by which it may safely proceed in a frequently recurring situation. The case is devoid of any flaunting of Federal Law. The City Controller sought judicial declaration first by filing an action in the District Court by way of a Complaint which is titled, "Complaint To Quash A 'Notice of Levy' And 'Final Demand Served On A Municipal Corporation By The Director Of Internal Revenue' ". That action was dismissed by the Court for want of jurisdiction. The United States then intervened, although the word "intervened" is tortured by use of a reference to what was done here. In-

---

4. D.C.Mich.1942, 46 F.Supp. 861, at page 866–867.

5. The businessman's real problem with apparently conflicting statutes was acute in Anuchick. To the Court, the problem regarding validity of the levy method of collection, and exemption of the Director from the requirements of Sec. 710, West's Ann.Cal.C.C.P., was simple. Penal liabilities, however, are not levied because what is clear to one man is confused to another.

6. Hatfried, Inc. v. Commissioner of Internal Revenue, supra.

7. Dayton Bronze Bearing Co. v. Gilligan, 6 Cir., 1922, 281 F. 709, at page 714.

8. Spies v. United States, 1942, 317 U.S. 492, at page 496, 63 S.Ct. 364, at page 367, 87 L.Ed. 418.

tervention is conventionally had only in a viable action. In this case the United States had successfully procured dismissal of the Controller's Complaint. After the Controller filed his action (which was subsequently dismissed) he artlessly and ineffectively, except as evidence of good faith, undertook to invest the action with some of the qualities of interpleader. The current payroll check of the delinquent taxpayer, Richard A. Westberg, was deposited by the Controller with the Clerk of this Court.[9] On May 22, 1958, the Clerk of Court issued his receipt for said payroll check and held the check until the Memorandum of Decision in this case directed its return to the City Controller. The Controller still holds the wages of Westberg. Under these circumstances it cannot be said that the City Controller was acting arbitrarily or with a desire or purpose to aid the delinquent taxpayer in avoiding his taxes. Although the action was dismissed, it was brought by the Controller to test the applicability of a California statute [10] and procure a judicial determination in an area of official conduct. The case is far different from Sims v. United States.[11] In that case the State Auditor refused to honor levies of the kind involved here and instead issued and delivered payroll warrants to the taxpayers for their then accrued net salaries. The State Auditor thereby flaunted and defeated the levy. The language, and spirit, of the statute held him liable in his person and estate. This does not shock the conscience, nor is it an intemperate infliction of punishment. It simply visited upon him the natural result of the risk he took by his wilful disregard of the levy and made the Government whole in that particular transaction. It was not punishment but indemnification. In the instant case the Controller of the City of Los Angeles merely sought to obtain judicial direction as to what he should do. He maintained the funds in status quo and even attempted to deposit the money in Court. His legal methods were in error but he did not defeat the levy by paying the funds to the delinquent taxpayer. His good faith is apparent. Judgment foreclosing the tax lien will collect the tax. Under these circumstances there should not be a penalty beyond the interest and costs.

Because the Findings of Fact, Conclusions of Law and Judgment submitted by the United States Attorney are so at variance with the Court's views, the Court has re-drafted these documents and directs that they be filed herewith.

---

9. What was deposited was simply the payroll check, payable to Richard A. Westberg, apparently handed to the Clerk as it would have been delivered to Westberg were it not for the levy.

10. Sec. 710, West's Ann.Cal.Code of Civil Procedure.

