TARBOX CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6145.   Promulgated January 11, 1946.

*Samuel Perman* (an officer), for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

**36**

OPINION.

ARUNDELL, *Judge*: The only issue in this case is whether there was reasonable cause for petitioner's failure to file a personal holding company return within the time prescribed by law. In support of its contention that there was, petitioner relies upon the fact that its president and sole stockholder first consulted his attorney and then engaged an accountant to prepare petitioner's tax return, and that he acted in complete reliance upon them.

Clearly this is not a case where petitioner's status as a personal holding company was in substantial doubt and its officer or officers, after a consideration of all relevant factors and after consulting and discussing the entire matter with counsel, came to the conclusion, based upon reasonable grounds, that the corporation was not a personal holding company. See *Girard Investment Co.* v. *Commissioner*, 122 Fed. (2d) 843; *Agricultural Securities Corporation*, 39 B. T. A. 1103; affd. *per curiam*, 116 Fed. (2d) 800; cf. *Dayton Bronze Bearing Co.* v. *Gilligan*, 281 Fed. 709; *C. R. Lindback Foundation*, 4 T. C. 652; affd. *per curiam*, —— Fed. (2d) —— (C. C. A., 3d Cir., Oct. 17, 1945). Petitioner does not here contest its liability to personal holding company surtax. The provisions of the personal holding company statute, so far as applicable to petitioner, are plain, for all its income was derived from interest and dividends on securities and more than 50 percent of its stock was owned by not more than five individuals.

On the contrary, the question was apparently not even considered by petitioner's president or his attorney. The president was not "aware of any peculiar classification to which this corporation belonged." So far as we know, the accountant did not consider the

question either, except for the fact that question No. 7 on the return was answered in the negative. At any rate, he did not discuss the matter with Coe and the attorney. Whether sufficient information was made available to the accountant to enable him to come to an intelligent conclusion about the personal holding company status of petitioner we do not know. The evidence shows that at the time of filing the first corporation return he was "briefly informed with reference to the corporate structure," but it was stated on the return that no individual at any time during the taxable year owned more than 50 percent of the voting stock of petitioner. Certainly that was not the fact, for Coe owned all the stock.

The reasons advanced by petitioner for its failure to file a personal holding company return either "merely reduce themselves to a plea of ignorance of the law," *Samuel Goldwyn, Inc., Ltd.*, 43 B. T. A. 1086, or amount to reliance upon an agent to whom, apparently, insufficient information was disclosed or who likewise was unfamiliar with the requirements of the taxing statute, *Eagle Piece Dye Works*, 10 B. T. A. 1360; cf. *Berlin* v. *Commissioner*, 59 Fed. (2d) 996. Neither is sufficient excuse.

Petitioner's return on Form 1120 is clearly inadequate for purposes of the required personal holding company return. *O'Sullivan Rubber Co.* v. *Commissioner*, 120 Fed. (2d) 845; *Girard Investment Co.* v. *Commissioner*, supra. This is not such a case as *Germantown Trust Co.* v. *Commissioner*, 309 U. S. 304, in which the taxpayer merely filed the wrong form. Petitioner properly filed Form 1120, as it was obligated to do, but it was additionally required to file a separate personal holding company return on Form 1120-H, for it was "under liability for two taxes and under an obligation to file two returns." *Commissioner* v. *Lane-Wells Co.*, 321 U. S. 219.

In the state of the evidence we conclude, and we have found as a fact, that petitioner's failure to file a personal holding company return was not due to reasonable cause. The delinquency penalty was therefore properly imposed.

*Decision will be entered for the respondent.*