HERMAX CO. INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15347.   Promulgated September 28, 1948.

*Murray M. Weinstein, Esq.*, for the petitioner.
*John E. Mahoney, Esq.*, for the respondent.

OPINION.

KERN, *Judge*: The good faith of petitioner and its officers is not in question. The sole question presented for our decision is whether petitioner's failure to file returns within the time prescribed by law was, in the words of the appropriate statute, "due to reasonable cause." In the case most strongly relied upon by petitioner, *Orient Investment & Finance Co.* v. *Commissioner*, 166 Fed. (2d) 601, the question was indicated to be whether the taxpayer exercised, in connection with his tax returns, "ordinary business care and prudence." Stated either way, our answer to the question is that petitioner has not shown that it acted with ordinary business care and judgment, and that reasonable cause did not exist for its failure to file personal holding company returns within the time prescribed by law.

Only one officer of petitioner testified at the hearing herein. While he testified that he was not familiar with tax law, he impressed us

as being an intelligent business man, of whom it could not be said, as was said in the *Orient Investment & Finance Co.* case of the officers of the taxpayer there, that he was incapable "of receiving any knowledge on the subject of the form of income tax returns to be filed." As to the intelligence and capabilities of the other officers, directors, and stockholders of petitioner, we are not informed.

Petitioner apparently turned over its tax matters, along with the keeping of its books of account, to a public accountant. The record does not show that he had any "expert knowledge" of Federal tax laws. Indeed his own testimony indicates that he had not. He testified that he consulted with Swick, who was "the tax man" in his accounting firm, thus indicating that he, Imhoff, was not a "tax man." There is no evidence as to why Imhoff considered Swick to be a "tax man." The fact that they read only section 502 (g) in considering the question of whether petitioner might be a personal holding company indicates that neither was a "tax man" if that term is taken as meaning a person qualified to give advice to others on questions of law involving the provisions of the Internal Revenue Code. In passing, it may be questioned whether it was proper for them to give such advice. See *In re Bernard Bercu*, New York Supreme Court, Appellate Division, First Department, No. 631, April 12, 1948. Certainly it can not be said of them, as it was said of the certified public accountants in the *Orient Investment & Finance Co.* case, that their "expert knowledge was universally considered sufficient to fit them to do all that petitioners were required to do to comply with the tax laws."

The only testimony which would indicate that Imhoff had any knowledge of Federal tax laws was to the effect that he held "a United States Treasury card." This tribunal is completely independent from the Treasury Department. We have no knowledge, judicial or otherwise, as to the prerequisites for holding such a card, nor as to the nature of the examination which Imhoff passed. The bare fact that he had such a card can not be taken as compelling evidence, in the face of the record, that he had "expert knowledge" in the field of Federal tax law.

Furthermore, the fact that he held this card is not shown to have been known by petitioner or its officers. While petitioner's president testified that he relied upon Imhoff in tax matters, he testified as to no reason, good or otherwise, why he relied upon Imhoff.

The fact that an internal revenue agent examined the income tax return of petitioner for 1943 and did not suggest that it was a personal holding company, is not material. Unlike the case of *Hugh Smith, Inc.*, 8 T. C. 660, there is no showing here that the internal revenue agent had before him a complete disclosure of all pertinent facts. Certainly the pertinent facts were not disclosed in the return itself.

This is also the distinction between this case and *Hatfried, Inc.* v. *Commissioner*, 162 Fed. (2d) 628, in which the court pointed out several times in the course of its opinion that the facts disclosed in the income tax returns filed by the taxpayer corporation operated to establish its status as a personal holding company.

In the instant case, the president of petitioner corporation, although an intelligent business man, turned over the tax affairs of the corporation, including the preparation of its Federal tax returns, to a public accountant who had been primarily employed to set up and keep the books of petitioner's stockholders and who was not an expert in Federal tax laws. No officer of petitioner had any reason to believe that the accountant was such an expert. In the tax returns prepared by him for the petitioner, the question was directly asked, "Is the corporation a personal holding company within the meaning of Section 501 of the Internal Revenue Code?" The answer given in the returns was "No." These returns were signed by petitioner's president. No officer of petitioner ever considered this question, or consulted in regard to it, either with the accountant or with any one else. The accountant, without consulting any officer of the corporation or any trained counsel, decided that petitioner was not a personal holding company and prepared no personal holding company returns for filing within the time prescribed by law. In the Federal tax returns filed by petitioner, facts were not disclosed by which the personal holding company status of petitioner could be established. Under such circumstances, we are unable to conclude that the failure to file such a return is due to reasonable cause. Nor are we able to conclude that petitioner's officers, under the circumstances above described, acted with "ordinary business care and prudence."

A recent case which, in our opinion, is similar to the instant case, and should be controlling as to its disposition, is *Tarbox Corporation*, 6 T. C. 35. In that case, under comparable facts, we held that ignorance of the law can not of itself be an excuse or constitute reasonable cause for failing to comply with it. We are unwilling to believe that the cases of *Hatfried, Inc.*, and *Orient Investment & Finance Co.*, *supra*, represent a modification of that doctrine to the effect that, while ignorance of the law in general is no excuse for a failure to comply with it, an ignorance of the Federal tax laws, which are largely self-assessing and which impinge upon every business man and corporation in the country, is, of itself, an excuse for failing to comply with the provisions of those laws. If we are wrong, and those cases do stand for that proposition, then we respectfully decline to follow them.

Reviewed by the Court.

*Decision will be entered for respondent.*

LeMire and Johnson, *JJ.*, dissent.