The 1040 Springfield Avenue Corporation v. Commissioner.
1040 Springfield Ave. Corp. v. Commissioner
Docket No. 16052.
United States Tax Court
1949 Tax Ct. Memo LEXIS 244; 8 T.C.M. (CCH) 246; T.C.M. (RIA) 49065; March 11, 1949
Benjamin Miller, C.P.A., 1457 Broadway, N.Y., for the petitioner. Stanley W. Herzfeld, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding was brought for a redetermination of a deficiency of $1,320.29 in personal holding company surtax for the taxable year ended April 30, 1944, and penalty thereon of $330.07 for failure to file a personal holding company return. Petitioner has conceded its liability for the personal holding company surtax, and the only question remaining is the propriety of *245 the penalty. Findings of Fact Petitioner, a New Jersey corporation, filed its corporation income and declared value excess-profits tax return (Form 1120) for the fiscal year ending April 30, 1944, with the collector of internal revenue for the fifth district of New Jersey at Newark. Petitioner did not file a personal holding company return for that period. During the taxable period petitioner's entire gross income of $17,055.04 was derived from rents. Of this amount, $9,000, or 52.78 percent was paid to the corporation for the use of its property by Isidor Atkin, a stockholder. Isidor Atkin owned 66 2/3 percent of petitioner's capital stock in the taxable period. His wife, Bella Atkin, owned the remaining one-third which had been transferred to her by Isidor. She did not pay for this stock. One-half of the stock owned by Isidor, or one-third of the stock of petitioner, was carried in the name of Morris Atkin, his brother. Petitioner's journal contained an account entitled "Loans Payable Isidor Atkin," in which there was a debit entry of $1,500, and a capital stock account in which there was a credit entry of $1,500. These entries were designed to show that Isidor had invested *246 $1,500. Petitioner was a personal holding company within the meaning of Internal Revenue Code, section 501, during the period here in question. No dividends were ever paid by petitioner. Bella received a salary of $1,300 in the taxable period. On Schedule F of the return filed by petitioner, "B. Atkin" is listed as president. On the face of the return Isidor Atkin signed as president, and Bella Atkin signed on the line indicated for "treasurer, assistant treasurer or chief accounting officer." The questions in Schedule F as to the time devoted to the business and the amount of the corporation's stock owned by the officer to whom compensation was paid were not answered. Question 7 on page three of the return is as follows: "Is the corporation a personal holding company within the meaning of Section 501 of the Internal Revenue Code? (If so, an additional return on Form 1120H must be filed.)" This question was answered, "No." Question 9, in part, is as follows: "If this is not a consolidated return * * * (b) did any corporation, individual, partnership, trust or association own at any time during the taxable year 50 percent *247 or more of your voting stock? "(If * * * answer is 'yes,' attach separate schedule showing: (1) Name and address; (2) percentage of stock owned; (3) date stock was acquired; (4) the collector's office in which the income tax return of such corporation, individual, partnership, trust or association for the last taxable year was filed)." This question was not answered. It was the only question on the return calling for a "yes" or "no" answer which was not answered. The information disclosed on petitioner's Form 1120 income tax return was not sufficient to suggest that petitioner was a personal holding company. Petitioner's return was prepared by Benjamin Miller who had been petitioner's accountant from the time it was organized. Miller was not sure at the time he prepared the return who was petitioner's president. Any information Miller had as to how much stock each one held was received from Bella and Isidor and verified by him with their attorney. In June, 1947, when Miller wanted to inform respondent how petitioner's stock was held, he called its attorney to verify it. If he had filled in the percentage for Bella, he would have shown 33 1/3 percent. If he had answered the *248 question as to whether any stockholder held 50 percent or more of petitioner's stock, the answer would have been "no." He did not answer the other question dealing with stockholdings because, unless the question referred particularly to some figures on the return to be reflected in the income, he did not answer them. The return does not show anywhere on its face that any part of the rent was received from any stockholder. Since 1930 Miller had done the auditing for Isidor Atkin who conducted a retail store at Irvington, New Jersey. He still audits his records. Since its organization in 1940, he had done practically all the bookkeeping for petitioner, closed its books, and prepared its Federal and State tax returns for each of the fiscal years ending April 30, 1941, 1942, 1943, and 1944. When he filed the Form 1120, in each of those tax returns he stated that petitioner was not a personal holding company. He advised the Atkins for the period in question that in his opinion petitioner was not obliged to file Form 1120H. This was based upon a reading of the section pertaining to personal holding companies. He had read little glimpses of it here and there, but had never made a study *249 of the personal holding company section. It was the first personal holding company matter he had ever had. Petitioner relied entirely upon his advice in all tax matters, including the question of whether it was a personal holding company and should have filed Form 1120H returns. Miller recognized the necessity for careful research in any tax question which comes up with which he is not familiar and that such research would include an investigation of the cases decided on the question. In the instant matter he did not examine the cases. Petitioner did not advise Miller of all the facts pertaining to the question of whether or not it was a personal holding company. In his notice of deficiency respondent stated: "It has been determined that you were a personal holding company during the taxable year ended April 30, 1944, as defined by section 501 of the Internal Revenue Code, and therefore subject to surtax upon your undistributed subchapter A net income. "It has been further determined that you [sic] failure to file a personal holding company surtax return for the taxable year ended April 30, 1944 in accordance with the provisions of section 291 of the Internal Revenue Code *250 was not due to reasonable cause. Hence, there has been added to your personal holding company liability 25% thereof." Petitioner's failure to file a personal holding company return for the taxable period in question was not due to reasonable cause but was due to wilful neglect. Opinion The question here is the same as that in Tarbox Corp., 6 T.C. 35. Petitioner does not now attempt to exclude itself from the personal holding company category. Internal Revenue Code, section 501. It contends only that its failure to file a personal holding company return was due to reasonable cause and not to wilful neglect, and hence does not require the imposition of the delinquency penalty. Internal Revenue Code, section 291. The conclusion here can be summed up in the language of the Tarbox case that "The reasons advanced by petitioner for its failure to file a personal holding company return either 'merely reduce themselves to a plea of ignorance of the law' * * * or amount to reliance upon an agent to whom, apparently, insufficient information was disclosed or who likewise was unfamiliar with the requirements of the taxing statute *251 * * * Neither is sufficient excuse." As in Hatfried v. Commissioner (C.C.A., 3rd Cir.), 162 Fed. (2d) 628, petitioner's characterization as a personal holding company comes about because its rental income was received from one of its stockholders. In that case, however, it was held, reversing in that respect a memorandum opinion of the Tax Court, that the penalty for failure to file a personal holding company return should not be enforced. On this issue the Hatfried case seems to us distinguishable for reasons similar to those by which in the Hatfried case Tarbox Corp., supra, was distinguished. The Court said: "There is a sharp distinction between the instant case and the Tarbox case. In the latter the Tax Court pointed out that 'Petitioner's return on Form 1120 is clearly inadequate for purpose of the required personal holding company return,' and also that the tax advisor had not been supplied sufficient information by the taxpayer." As to the first point, it is inescapable. and we have so found as a fact, that the information disclosed by the return gave no inkling of petitioner's status as a personal holding company. [1] The entire income was stated *252 to be from "rents," which, when more than 50 percent of the total income, ordinarily lie outside the definition of personal holding company income under section 502 (g). What caused petitioner to fall within the "gross income requirement" of the definition of personal holding companies in section 501 (a) was that its so-called rental income was not such under section 502 (f) because the "individual entitled to the use of the property" was a stockholder owning more than 25 percent of petitioner's stock. No suggestion of this crucial fact appears either expressly or even by implication from petitioner's return. [2] Neither the stockholders nor the tenant was specified. Without both, the identity requisite to determine the applicability of the statutory provisions remained undisclosed. [3]
*253 Respecting the second ground upon which the Tarbox case was distinguished in Hatfried v. Commissioner, supra, the present situation is almost identical with the facts in the Tarbox case. Here, as there, "The question [of personal holding company liability] was apparently not even considered by petitioner's president or his attorney * * * So far as we know the accountant did not consider the question either except for the fact that question No. 7 on the return was answered in the negative." Question No. 7 on the return is whether petitioner was a personal holding company which here, as in the Tarbox case, was answered "No." Here, as there, "whether sufficient information was made available to the accountant to enable him to come to an intelligent conclusion about the personal holding company status of petitioner, we do not know." The evidence here shows that the accountant was familiar with petitioner's bookkeeping records, but that his knowledge as to the identity of the officers and stockholders was incomplete and inaccurate at best. He claims to have "checked" with petitioner's attorney and yet in reporting on the return the compensation paid to officers "B. Atkin" *254 is designated as petitioner's president. "Certainly that was not the fact," to quote again from the Tarbox case, for she was petitioner's secretary-treasurer, and Isidor Atkin, her husband, was its president. In the two places where questions appeared on the return as to ownership of stock, the answers are left blank. The accountant claimed, to be sure, that he had "considered" the application of the personal holding company provisions to petitioner, and came to a negative conclusion. And his lack of familiarity with the section at the time he filed the return is evident from his own testimony. See Hermax Co., Inc., 11 T.C. 442. The problem involved was not abstruse. The very point had already been raised and decided in Furniture Finance Corp., (1942), 46 B.T.A. 240, with which he was evidently unacquainted. But his equal lack of knowledge of the essential facts makes it as difficult to determine here, as it was in the Tarbox case, whether petitioner's failure to file the return was due to the fact that the agent upon whom petitioner relied had "insufficient information" or "was unfamiliar with the requirements of the taxing statute." Equally here, "neither *255 is sufficient excuse." This Court has recently adhered to its position in the Tarbox case on operative facts substantially the same as those here before us. Hermax Co., Inc., supra. Cf. Lone Pine Lawn Corp., 41 B.T.A. 638 (1940), affirmed (C.C.A., 2nd Cir.), 121 Fed. (2d) 935. We are accordingly unable to satisfy ourselves that petitioner's failure to file a personal holding company return was due to reasonable cause and not to wilful neglect, nor that respondent's imposition of the penalty was improper. Decision will be entered for the respondent. Footnotes
1. "It is contended by the Government that the returns in the present case were insufficient to advise the Commissioner that any liability existed for the holding-company tax. * * * it seems admitted that the returns did not show the facts on which liability would be predicated. Such liability was expressly denied by the return, and to obtain data on which corporations subject to the tax could be identified and assessed was the very purpose of requiring a separate return addressed to that liability. * * *" ( Commissioner v. Lane-Wells Co., 321 U.S. 219↩). 2. Petitioner's accountant testified in answer to the question: "* * * Does that return show anywhere on its face that any part of the rent was received from any stockholder? "The Witness: No, sir, it does not. "The Court: It does not show that anywhere? "The Witness: No, sir. "The Court: Is there any reason, in your opinion, to suspect it from what appears on the face of this? "The Witness. No, there is nothing here to lead anybody to believe that. * * *
"The Court: In other words, unless you said in the return that the petitioner was a personal holding company there was no way the return could show the Commissioner that it was? "The Witness: No, sir. * * *" ↩
3. It is true that in the Hatfried case some of this information was also lacking. The stock ownership was fully disclosed in the return and showed that one stockholder held all of the taxpayer's stock. But there was no showing in the return that the property was rented to that stockholder. Nevertheless the case is treated as though there were such a showing: "The taxpayer in its Form 1120 return made a full disclosure of all the facts operating to establish its status as a personal holding company. It disclosed that 100 per cent of its income was derived from the rental of its single property to a lessee stockholder who owned 100 per cent of its stock. Thus, there was no concealment or attempt to conceal any fact, material or otherwise, by the taxpayer. * * *" (Italics added). On this statement of the facts in the Hatfried case, it is as clearly distinguishable from the present proceeding as it was from Hermax Co., Inc., 11 T.C. 442, 446, and Tarbox Corp., supra.↩