WEST COAST ICE COMPANY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6422–65. Filed January 15, 1968.

*Robert H. Weir* and *David W. Mitchell*, for the petitioner.
*Gordon B. Cutler*, for the respondent.

OPINION

*Issue 1. Statute of Limitations*

With respect to the taxable year ended May 31, 1954, petitioner contends that its corporation income tax return (Form 1120) contained all the information which would have been necessary if placed on a personal holding company tax return (Form 1120H) as required by section 39.508–1, Regs. 118, and therefore contained the essential information needed to determine if it was a personal holding company. Similarly, with respect to its taxable year ended May 31, 1960, petitioner contends that its Form 1120 contained all the information required by section 6501(f) of the 1954 Code and the applicable regulations thereunder. Hence the petitioner maintains that the applicable statute of limitations provisions are section 275(a) of the 1939 Code for the year ended May 31, 1954, and section 6501(a) of the 1954 Code for the year ended May 31, 1960, each of which provides for the assessment of tax within 3 years from the date the taxpayer's return is filed. Respondent, on the other hand, contends that petitioner's failure to file a personal holding company tax return (Form 1120H) for the year ended May 31, 1954, permits an unlimited period for assessing the tax under the provisions of section 276(a) of the 1939 Code. He also maintains that petitioner's failure to file a personal holding company tax schedule (PH) with its income tax return for the taxable year ended May 31, 1960, permits an assessment of personal holding company tax to be made within 6 years from the time of filing the income tax return under the provisions of 6501(f) of the 1954 Code. In conjunction with these contentions, respondent argues that petitioner's returns for those years did not contain sufficient information to remedy the failure to file the requisite return or schedule.

As to the petitioner's taxable year ended May 31, 1954, we hold that the statute of limitations for assessment of the personal holding com-

pany tax is governed by section 276(a) of the 1939 Code [1] which provides for assessment "at any time." We think this holding is compelled by the Supreme Court's decision in *Commissioner* v. *Lane-Wells Co.*, 321 U.S. 219 (1944), affirming on this issue 43 B.T.A. 463 (1941). In *Lane-Wells*, the taxpayer answered "No" on its income tax return the question whether it was a personal holding company, and it did not file the personal holding company tax return on Form 1120H. The taxpayer maintained that it did not need to file a Form 1120H because "the information called for by Form 1120H is information that could have been called for by Form 1120." While admitting such possibility, the Supreme Court upheld the Commissioner on the ground that the regulations were within the scope of the statute in requiring the information in a *separate* return. The Supreme Court then said:

> Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished. For such purposes the regulation requiring two separate returns for these taxes was a reasonable and valid one and the finding of the Board of Tax Appeals that the taxpayer is in default is correct.

Although the *Lane-Wells* case involved section 276(a) of the Revenue Act of 1934 and article 351–8, Regs. 86, pertaining thereto, it applies with equal force to section 276(a) of the 1939 Code and section 39.508–1, Regs. 118, because they are substantially identical. Consequently, what the Supreme Court said in *Lane-Wells* applies to petitioner's failure to file Form 1120H for the taxable year ended May 31, 1954.

In *Lane-Wells* the Supreme Court distinguished its decision in *Germantown Trust Co.* v. *Commissioner*, 309 U.S. 304 (1940), not, as petitioner claims, upon the ground that the return filed in *Germantown Trust* contained all the information required in the return which should have been filed, but because:

> There [Germantown Trust] the only liability involved was for a Title I income tax, and the return was addressed to that liability, as to which the court held that it set the statute of limitations running. Here the taxpayer is under liabilities for two taxes and under an obligation to file two returns, * * *

---

[1] SEC. 276 [I.R.C. 1939]. SAME—EXEMPTIONS.

(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

We distinguish *Germantown Trust* from the facts of this case for exactly the same reason. Cf. *Automobile Club* v. *Commissioner*, 353 U.S. 180 (1957).

As to the taxable year ended May 31, 1960, the provisions of section 6501(f)[2] of the 1954 Code govern. Petitioner has failed to comply with the plain requirements of section 6501(f) by not filing a schedule (PH) with its return setting forth those items specified by section 6501(f)(1) and (2). The statute provides that when there is a failure to file the schedule containing the required information, the personal holding company tax may be assessed at any time within 6 years after the return for such year is filed. Petitioner does not question the validity of section 6501(f); and it is clear that petitioner did not attach a separate schedule to its income tax return for the year ended May 31, 1960. Thus, it has not complied with the provisions of section 6501(f), and the assessment of a personal holding company tax for that year is not barred by the statute of limitations.

Petitioner cites and relies upon our opinion in *McKinley Corporation of Ohio*, 36 T.C. 1182 (1961). In that case we found that the taxpayer supplied sufficient information as to its personal holding company status on its corporate income tax return so that the addition to tax for failure to file a Form 1120H was disapproved, a holding which likewise affects tangentially the statute of limitations for assessment of a personal holding company tax. Petitioner claims that *McKinley Corporation of Ohio* is indistinguishable on its facts from this case since in each the income tax return revealed the corporation's personal holding company income. Also in each case the corporation answered "Yes" and stated the individual's name in response to a question on the return as to whether any individual owned 50 percent or more of the corporation's voting stock at any time during the taxable year. Even though the cases are similar and *McKinley Corporation of Ohio* appears to support the petitioner's position, we nevertheless find the decision of the Supreme Court in *Commissioner* v. *Lane-Wells Co., supra*, controlling. Therefore, we are not inclined to follow *McKinley Corporation of Ohio* to the extent it allows a Form

---

[2] SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(f) PERSONAL HOLDING COMPANY TAX.—If a corporation which is a personal holding company for any taxable year fails to file with its return under chapter 1 for such year a schedule setting forth—

(1) the items of gross income and adjusted ordinary gross income, described in section 543, received by the corporation during such year, and

(2) the names and addresses of the individuals who owned, within the meaning of section 544 (relating to rules for determining stock ownership), at any time during the last half of such year more than 50 percent in value of the outstanding capital stock of the corporation,

the personal holding company tax for such year may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return for such year was filed.

1120 to serve double duty as both an income tax return and a personal holding company tax return. To permit this would be contrary to *Lane-Wells* and section 39.508–1, Regs. 118.

## Issue 2. Addition to Tax

We must consider whether the petitioner is liable for an addition to tax for its year ended May 31, 1954, under the provisions of section 291(a) [3] of the 1939 Code. Petitioner again relies on *McKinley Corporation of Ohio, supra.* As we have already indicated, the decision reached in *McKinley Corporation* on the addition to tax issue was based on a faulty premise, and therefore its rationale will not be followed. However, the petitioner prevails on this issue for a different reason. In our opinion this case comes within the borders of Rev. Rul. 172, 1953–2 C.B. 226, which provides that—

The delinquency penalty under section 291 of the Internal Revenue Code should not be asserted against a personal holding company in any case in which failure to file a timely Form 1120H is attributable to reliance in good faith upon the advice of a reputable accountant or attorney, experienced in Federal tax matters, and to whom all relevant information has been furnished.

The reliance by this petitioner on a licensed public accountant in filing its Federal income tax return for the taxable year ended May 31, 1954, was sufficient to show that its failure to file a Form 1120H for that year was due to reasonable cause within the intendment of section 291(a) and was not due to willful neglect. We view the evidence here as bringing this case within the precise requirements of the revenue ruling. As reflected in our ultimate findings, we have found that the accountant who prepared petitioner's income tax return for the year ended May 31, 1954, was reputable and experienced in Federal tax matters. Information relevant to a determination of petitioner's personal holding company status was provided by petitioner to the accountant, and petitioner relied in good faith on him to prepare its Federal income tax return.

This conclusion is fortified by our opinion in *Reliance Factoring Corp.,* 15 T.C. 604 (1950). There, the taxpayer gave its accountant, who was found to be reputable and experienced in Federal tax matters, the necessary information to determine its personal holding company status. While the accountant was aware that the taxpayer technically met the income and stockownership requirements of a personal holding company, he thought the statute did not apply to the taxpayer's situation as a trading company which had temporarily suspended opera-

---

[3] SEC. 291 [I.R.C. 1939]. FAILURE TO FILE RETURN.

(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: * * * 25 per centum * * *

tions because of circumstances beyond its control. On such facts, this Court held that the taxpayer's failure to file personal holding company tax returns was not due to willful neglect, but rather to reasonable cause. The same principle applies to the facts of this case because we see no real distinction between an accountant who overlooks an applicable statute and one who rejects its applicability for reasons that are clearly erroneous. See also *Hatfried, Inc.* v. *Commissioner*, 162 F. 2d 628 (C.A. 3, 1947); and *Orient Investment & Finance Co.* v. *Commissioner*, 166 F. 2d 601 (C.A.D.C. 1948).

Respondent asserts that the facts here are similar to *Hermax Co.*, 11 T.C. 442 (1948), affirmed per curiam 175 F. 2d 776 (C.A. 3; 1949), and *Tarbox Corporation*, 6 T.C. 35 (1946). We disagree. Both cases are distinguishable. In *Hermax Co.*, we found that the accountant was not "an expert" in Federal tax matters, and it was not shown by the taxpayer whether relevant information was furnished to the accountant. In *Tarbox Corporation*, the evidence did not show whether the taxpayer made sufficient information available to the accountant to enable the accountant to reach an intelligent conclusion as to the corporation's personal holding company status. These factors are not present in this case. Thus, consistent with *Reliance Factoring Corp.* and Rev. Rul. 172, we hold that the failure of petitioner to file the required Form 1120H for the year ended May 31, 1954, was due to reasonable cause. Accordingly, respondent's determination as to the addition to tax is disapproved.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

WITHEY, *J.*, dissenting: I must dissent from the opinion of the majority insofar as it holds petitioner is not liable for the addition to tax provided by section 291(a) of the Internal Revenue Code of 1939 for the taxable year ended May 31, 1954. The holding is based upon an ultimate finding of fact which I do not feel is sustained by the record. Whatever the experience of the accountant who prepared its income tax return, his statement that "he thought that the personal holding company tax related to individuals in the motion picture industry and individuals with large incomes who wanted to incorporate" makes it clear that he was incompetent and inexperienced to a point where reliance upon him was certainly neglectful and unjustified. The taxpayer failed completely to show that it knew of or relied upon any more of the accountant's experience in any Federal tax matter than he had obtained through preparing former returns for petitioner. Taxpayer's very failure to file a personal holding company return is attributable to the accountant's incompetency and inexperience with the

natural result that there never was any discussion between them as to whether petitioner was such a company even though the income tax return clearly gave grounds for such a discussion.

I do not believe a taxpayer is entitled to abrogate his responsibility to file a personal holding company return and be free from liability for the addition to tax merely because he has transferred that responsibility to one who has prepared other returns for him. So far as I can see that is what occurred here.

TIETJENS, *J.*, agrees with this dissent.