SHEIKESS MILDRED WIGGINS-EL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wiggins-El v. Commissioner
Docket No. 4540-79.
United States Tax Court
T.C. Memo 1981-495; 1981 Tax Ct. Memo LEXIS 247; 42 T.C.M. (CCH) 1033; T.C.M. (RIA) 81495; September 10, 1981
*247 Held, petitioner is not exempt from tax because she is of the Black or Negro race or because she was a member of the Moorish Science Temple, The Divine and National Movement of North America, Inc., No. 13. Held, further, petitioner is not liable for addition to tax for fraud under sec. 6653(b) but is liable for additions to tax for failure to file under sec. 6651(a)(1) and for negligence under sec. 6653(a), I.R.C. 1954. Mildred Wiggins-El, pro se. J. Carlton Howard, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined the following deficiencies in and additions to petitioner's income taxes: Addition to tax
Year
Deficiency
sec. 6653(b) [1]
1975
$ 1,395
$ 698
1976
1,156
578
1977
1,420
710
The issues for decision are: (1) Whether petitioner is exempt from Federal income tax; (2) whether petitioner is liable for the section 6653(b) additions to tax for fraud determined by respondent; and (3) whether, in the event this Court determines that petitioner is not liable for the section 6653(b) additions *248 to tax, she is liable for sections 6651(a) and 6653(a) additions to tax. [2] FINDINGS OF FACT Some of the facts were stipulated and they are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Sheikess Mildred Wiggins-El (hereinafter petitioner) resided in Baltimore, Md., when she filed her petition in this case. For the taxable years in issue, 1975, 1976, and 1977, petitioner did not file Federal income tax returns. For taxable years prior to 1975, petitioner properly filed Federal income tax returns. Before and during the taxable years at issue, petitioner was employed *249 as an electrocardiogram technician by the Baltimore City Hospitals. During the years 1975, 1976, and 1977, petitioner earned wages from that employment in the respective amounts of $ 11,190.12, $ 10,367.48, and $ 12,154.48. Petitioner received a Form W-2 from the City of Baltimore for each of the 3 taxable years in issue. During the taxable years in issue, petitioner was divorced and had only one child living at home with her. She had no other dependents. On March 14, 1975, petitioner become a member of the Moorish Science Temple, The Divine and National Movement of North America, Inc., No. 13. On March 24, 1975, petitioner filed a Form W-4, Employee's Withholding Exemption Certificate, claiming 13 exemptions for Federal income tax purposes. This form increased from 2 the number of exemptions earlier claimed on a form filed by petitioner in 1974. The 13 withholding exemptions claimed by petitioner were sufficient to cause no withholding from her wages for Federal income tax purposes. This was at least one of the reasons why petitioner claimed 13 exemptions. During 1975, 1976 and 1977, petitioner did not have 13 exemptions which she could claim for Federal income tax purposes. *250 On March 22, 1977, petitioner filed with her employer an exemption form claiming that she did not incur liability for Federal income tax for 1976 and that she anticipated no tax liability for 1977. In the statutory notice of deficiency, respondent determined that petitioner h ad unreported income from the City of Baltimore for each of the taxable years in issue, and, consequently, he determined deficiencies in, and section 6653(b) additions to, tax based thereon. In determining the deficiency and addition to tax for 1976, respondent allowed a standard deduction and two personal exemptions. OPINION Petitioner, claiming that she is not liable for any income tax, did not file any income tax returns for the taxable years in issue. The substance of her claim can be gleaned from the following quotes from papers submitted by her, which papers the Court filed as her brief: A Negro is not a member of the political community formed and brought into existence by the Constitution of the United States, nor can a Negro become entitled to All Rights and privileges guaranteed by the Constitution to a citizen. Not being a legal citizen and being classed as a Negro, the petitioner is not liable *251 to file or pay any taxes * * * That she nor any of her ancestors or decendents [sic] have ever been granted full citizenship under the Constitution of these United States and furthermore being classed as a Negro has never been released from the state of human property. It is unnecessary to recount the tortuous path which petitioner takes through the United States Constitution and other documents, such as the Emancipation Proclamation, in support of her above-stated contention. Suffice it to quote the first sentence of section 1, amendment XIV of the United States Constitution: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. * * * See also sec. 1.1-1(c), Income Tax Regs. There is no evidence that petitioner was not born in the United States, that she is not a citizen and resident of the United States, or that she is classed as "human property." It cannot be seriously contended that members of the Black race are exempt from taxation under the United States Constitution. See, for example, Walters v. Walters, 474 F.2d 1349 (6th Cir. 1973, 31 AFTR 2d 73-969, 73-1 USTC *252 par. 9396), affg. without published opinion an unreported District Court decision. [3]Under amendment XVI of the Constitution Congress was given the power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the States, and without regard to any census or enumeration. Congress has exercised that power in section 1, I.R.C. 1954, by imposing a tax on the incomes of all individuals. Nowhere in the Code is there any exclusion of members of the Black race from the income tax; nor does petitioner point to any provision that would specifically exclude her. Petitioner is not exempt from income tax on First Amendment religious grounds. See Autenrieth v. Collen, 418 F.2d 586 (9th Cir. 1969), cert. den. 397 U.S. 1036 (1970); Russell v. Commissioner, 60 T.C. 942 (1972); Muste v. Commissioner, 35 T.C. 913 (1961).
The Federal income tax has long ago been held to be constitutional. Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916). Petitioner, being a citizen and resident of the United States, is subject to the tax. Sec. 1.1-1(b), Income Tax Regs. There being no other argument in opposition *253 to respondent's determinations of deficiencies in tax for each of the years in issue, we sustain those determinations. [4] The next question we must address is whether petitioner is liable for the section 6653(b)[5] *254 additions to tax determined by respondent. On this question, respondent bears the burden of proving fraud by clear and convincing evidence. Steiner v. Commissioner, 350 F.2d 217 (7th Cir., 1965), affg. a Memorandum Opinion of this Court; sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure.[6] The existence of fraud is a question of fact which must be answered by reference to the entire record. Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). "The primary question in determining whether fraud is present is whether there has been an intentional wrongdoing with the specific purpose of evading a tax believed by the taxpayer to be properly owing." Gajewski v. Commissioner, 67 T.C. 181, 199-200 (1976), affd. per curiam 578 F.2d 1383 (8th Cir. 1978). Petitioner did not file a Federal income tax return for any of the years in issue, although she had done so for prior taxable years. In addition, petitioner filed a withholding certificate in March 1975 increasing the number of exemptions claimed from 2 to 13 so that no tax would be withheld from her wages by her employer. Petitioner knew that she was not entitled to claim 13 exemptons. In March 1975, petitioner became a member of the Moorish Science Temple, The Divine and National Movement of North America, Inc., No. 13. It is clear that petitioner's argument that she was not liable for any tax grew out of her affiliation with this "religious" sect. The evidence points out that a conscious knowing decision was made by the leaders of the sect to draw attention to their claims of "second class citizenship" by not paying taxes through the device of claiming 13 exemptions. These facts support respondent's determination of fraud. [7] *255 However, the evidence also suggests that members of the sect, including petitioner, were informed, or at least led to believe, by the sect's leaders that arguments for tax-exempt status for this sect and members thereof had been presented to the Internal Revenue Service and had been acceded to by the service. The information that the service had agreed to the exempt status was apparently erroneous, but the evidence does show that the leaders of the sect had been in contact with the revenue service with regard to such exempt status. Furthermore, the leaders of the sect used the device of stamping the sect name on some document given to dues-paying members that was supposed to indicate that the individual member qualified for the exempt status. Consideration of the entire record causes us to give credence to the evidence which shows petitioner to be a follower who acted on the advice of the leaders of the sect. Regardless of the poor judgment petitioner may have exercised in believing that "tax-exempt" status had been obtained for members of her sect, we think she believed that such were the circumstances. Moreover, we also believe *256 that petitioner claimed 13 exemptions, not with the intent to evade tax, but rather as the means which she understood was "authorized" to give effect to the tax-exempt status accorded to her. [8] Under these circumstances, petitioner would not have possessed the necessary intent to evade a tax believed to be owing since she did not believe any tax was owing. An honest, if erroneous, belief by petitioner that she had been accorded tax-exempt status and was not liable for any tax undermines the existence of the requisite intent to evade a tax believed to be owing. Respondent contends that petitioner's concealment of her correct income from the Government is an important element of proof in demonstrating petitioner's intent to defraud the Government. While it would have been better for petitioner to advise the revenue service that she was not filing tax returns because she did not owe any tax, which might have mitigated a fraudulent intent, her failure to do so does not prove fraud. Although the issue of fraud is very close, the record is such that we cannot *257 conclude that respondent has established by clear and convincing evidence that petitioner possessed the requisite intent. Accordingly, respondent's assertion of section 6653(b) additions to tax is not sustained. The foregoing conclusion does not, however, enable petitioner to avoid imposition of the section 6651(a)(1) and 6653(a) additions to tax. Respondent raised these matters for the first time in his answer and he bears the burden of proof. Rule 142(a). Section 6651(a)(1)[9] provides for the imposition of an addition to tax for failure to timely file a return unless such failure is "due to reasonable cause and not due to willful neglect." Petitioner did not file a return for any of the taxable years in issue. While she may have honestly believed she did not have to file a return because she had no income subject to tax, we do not think that such belief was reasonable or that reasonable cause existed to excuse her failure to file. Reasonable cause has been defined as the exercise of ordinary business care and prudence. Sec. 301.6651-1(c)(2), Proced. & Admin. Regs.; Inter-American Life Insurance Co. v. Commissioner, 56 T.C. 497, 511 (1971), affd. per curiam 469 F.2d 497 (9th Cir. 1972). *258 Reliance on the sect's leaders may preclude imposition of a fraud addition to tax under section 6653(b) but it is not reasonable cause for failing to file a timely return. Petitioner knew that her salary was taxable income and it was neither reasonable nor prudent for her to believe it became tax exempt simply because she joined the sect in 1975, particularly without consulting a competent tax adviser or the revenue service. [10] In Muste v. Commissioner, supra, the taxpayer's sincere belief on religious grounds *259 that the Internal Revenue Code was unconstitutional did not amount to reasonable cause which would preclude a failure-to-file addition to tax. The subjective standard of section 6653(b) is not applicable here. The standard is objective and respondent has met his burden of proof. Accordingly, petitioner is liable for the section 6651(a)(1) additions to tax. Similarly, section 6653(a)[11] provides for the imposition of an addition to tax if "any part of any underpayment" of any tax "is due to negligence or intentional disregard of rules and regulations." Petitioner's underpayment of tax based on her belief in what the sect leaders told the members, without any effort to verify it from competent tax advisers, was certainly negligent. And her claim of 13 exemptions, which she knew she was not entitled to claim, and which avoided withholding of tax from her salary, was an intentional disregard of rules and regulations. Furthermore, *260 while petitioner may not have been aware of it, this Court released an Opinion on March 12, 1975, in Gaines-El v. Commissioner, T.C.Memo. 1975-54, holding that the petitioner therein was not exempt from the Federal income tax on the grounds that he claimed to be a Moorish-American citizen. Accordingly, the additions to tax under section 6653(a) are sustained. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
2. Respondent raised the issue of petitioner's alternative liability for secs. 6651(a) and 6653(a) additions to tax for the first time in his answer. At trial respondent introduced two exhibits, Exs. D and E, which were received subject to petitioner's right to argue on brief as to their admissibility. Petitioner made no such argument. Respondent, however, requested no findings of fact based on these exhibits, not did he mention them at all in his brief. Given the foregoing and the tenuous relevance of the exhibits, we have not considered them.↩
3. See also Gaines-El v. Commissioner, T.C.Memo. 1975-54↩.
4. Petitioner does not argue that she is entitled to the 13 exemptions claimed on her Form W-4.↩
5. Section 6653 provides in pertinent part: If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. 6. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
7. See, e.g., Forbush v. Commissioner, T.C.Memo. 1979-214↩.
8. In addition to resulting in no tax withholding, use of the number 13 was intended to have some significance in and of itself.↩
9. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax--In case of Failure-- (1) To file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
10. See and compare, for e.g., Coldwater Seafood Corporation v. Commissioner, 69 T.C. 966 (1978); West Coast Ice Co. v. Commissioner, 49 T.C. 345↩ (1968); cases wherein reliance on competent, tax-knowledgeable adviser was held to constitute reasonable cause.
11. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes.--If any part of any underpayment (as defined in subsection(c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩